**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
JONATHAN WAYNE BOTTEN, SR.,
TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN,
AND J.B.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00257-KK-SHK <br><br> *Hon. Kenly Kiya Kato* <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date:    April 4, 2024 <br> Time:    9:30 a.m. <br> Crtrm:    3 <br><br> Complaint filed: February 17, 2023 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on April 4, 2024 at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 3 of the above-entitled Court, located at 3470 12th Street, 3rd Floor, Riverside, CA 92501, Plaintiffs JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR. will move the Court for an order pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for an order consolidating *L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK and *Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK for all purposes, including trial, for the following reasons:

1. *L.C., et al. v. State of California, et al.*, case no. case no. 5:22-cv-00949-KK-SHK and *Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK arise from the same officer-involved shooting that occurred on February 17, 2021 near the area of Peach Avenue and Catalpa Street in Hesperia, California and involve the same defendants and substantially similar issues of fact and law. Thus, consolidation would serve the interests of judicial economy.

2. Both cases are at a similar stage in the discovery process and therefore, there will be no inconvenience, delay, or additional expenses to Defendants.

3. Each case will retain its separate character and will not affect any separate right or defense asserted in either case. Any concerns regarding jury confusion may be adequately addressed by jury instructions.

### Local Rule 7-3 Statement of Compliance

Pursuant to Local Rule 7-3, this Motion is filed following several meetings among the parties, including a video conference meeting that took place on February 6, 2024. Defendants indicated that they do not oppose consolidation for the purposes of discovery but would oppose consolidation for all other purposes.

DATED: March 7, 2024             LAW OFFICES OF DALE K. GALIPO

                                 By_____/s/ Hang D. Le_____
                                    Dale K. Galipo
                                    Hang D, Le
                                    Attorneys for Plaintiffs

## I.  INTRODUCTION AND RELEVANT PROCEDURAL FACTS

This action arises out of the officer-involved shooting that occurred on February 17, 2021 near the area of Peach Avenue and Catalpa Street in Hesperia, California. In the early morning hours of that day, Defendants California High Patrol Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava ("Officer Defendants") and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams ("Deputy Defendants") used deadly force when they discharged their firearms at Hector Puga and in the direction of the Botten Residence, killing Mr. Puga and seriously injuring Plaintiffs John Wayne Botten, Sr., Tanja Dudek-Botten, and J.B. At the time of the shooting, Mr. Puga was not an immediate threat of death or serious bodily injury to anyone.

Plaintiffs Wayne Botten, Sr., Tanja Dudek-Botten, J.B., and Annabelle Botten ("Botten Plaintiffs") initially filed an action in state court on November 4, 2021 alleging only state law claims ("*Botten* State Case"). Botten Plaintiffs then filed this action on February 16, 2023, against Defendants State of California[1] and Officer Defendants (together "State Defendants"), County of San Bernardino and Deputy Defendants (together "County Defendants") (collectively "Defendants"), alleging federal claims of excessive force under the Fourth Amendment and violation of substantive due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and state law claims of battery, negligence, negligent infliction of emotional distress, and violation of the Bane Act ("*Botten* Federal Case").

Mr. Puga's successors in interest and family ("Puga Plaintiffs") also filed an action in this district court on June 7, 2022, alleging similar claims arising out of the February 17, 2021 incident in *L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK ("*Puga* Federal Case"). The parties in both cases are represented by the same attorneys, respectively. While the parties were litigating the

---

[1] State of California has since been dismissed from the *Botten* Federal Case.

*Botten* State Case and *Puga* Federal Case, a discovery dispute arose in which the Defendants contend that an informational wall needs to be put into place so that the discovery obtained in the *Puga* Federal Case cannot be used in the *Botten* State Case, due to allegedly different federal and state law standards regarding the entitlement to officer personnel records. This dispute stalled discovery in both cases. The *Botten* State Case has since been dismissed and the *Botten* Plaintiffs are moving with the *Botten* Federal Case. Due to both actions now proceeding in federal court, Defendants have produced the investigative documents regarding the incident.

The parties' attorneys then reached an agreement to have the defendant officers deposed for the purposes of both cases, the *Puga* Federal Case and *Botten* Federal Case, on December 6, 12 and 13, 2023. Unfortunately, State Defendants' counsel suffered an unforeseeable loss of a family member prior to the depositions and requested that the December 6 depositions be continued. Due to a misunderstanding among the parties, County Defendants' counsel believed that all defendant depositions were to be continued. In order to accommodate the parties' calendar regarding deposition availability, the parties stipulated and requested that the Court continue the case management dates in the *Puga* Federal Case so that the defendant officers' depositions could be taken in February 2024. (*See L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK, Dkt. No. 79). On December 11, 2023, the Court issued an Order granting the parties' stipulation and request to modify the scheduling order, including continuing the All-Discovery Cut-Off Deadline to September 9, 2024 and the Jury Trial to January 13, 2025. (*See L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK, Dkt. No. 80).

On December 21, 2023, the parties in the *Botten* Federal Case filed their Joint Rule 26(f) Report. (*See Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK, Dkt. No. 55). The parties indicated in their Joint Report that they had agreed that discovery taken in the *Puga* Federal Case may be used in and will

apply, where appropriate to the *Botten* Federal Case, in order to avoid duplicative or repetitive discovery and to conserve resources. Botten Plaintiffs requested the same case management deadlines as the *Puga* Federal Case with the intention of moving to consolidate the two cases. State Defendants and County Defendants requested different dates, with the intention of opposing any Motion to Consolidate for any purpose outside of discovery.

The parties further met and conferred on dates for the defendant officers' depositions and agreed that the depositions would take place on February 14, 15, 20, and 21, 2024. An amended notice was subsequently sent out in the *Puga* Federal Case on January 26, 2024. On February 2, 2024, County Defendants' counsel informed Plaintiffs' counsel that they had been informed that the County District Attorney's Office had yet to conclude its investigation into the incident and therefore, the County Defendants will not be produced for their depositions until the investigation concluded. State Defendants' counsel joined County Defendants' position and informed Plaintiffs' counsel that the State Defendants would also not be produced for the depositions until the investigation concluded. The parties subsequently agreed to temporarily take the defendant officers' depositions off-calendar in order to give the parties time to come to a resolution on this issue, if possible. On February 28, 2024, this Court issued a Civil Trial Scheduling Order in the *Botten* Federal Case, setting the Fact Discovery Cut-Off for July 11, 2024 and the Jury Trial for February 3, 2025. (*Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK, Dkt. No. 60). Because the parties had previously agreed that the discovery that has been produced in the *Puga* Federal Case may be used in the *Botten* Federal Case (*See Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK, Dkt. No. 55) and because County Defendants' Counsel and State Defendants' Counsel have indicated that they would not produce their officers for depositions in either case until the DA investigation has concluded, both cases are currently at the same stage in discovery and litigation.

The parties have met and conferred prior to the filing of this Motion to Consolidate. State Defendants and County Defendants have indicated that they do not oppose consolidation of the two cases for the purposes of discovery but would oppose consolidation for all other case management purposes, including trial.

Because both cases arise out of the same nucleus of facts and assert similar legal issues, and because both cases are at similar stages in litigation and discovery, *Puga* Plaintiffs and *Botten* Plaintiffs seek an order consolidating *L.C., et al. v. State of California, et al.*, case no. case no. 5:22-cv-00949-KK-SHK and *Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK under Rule 42(a) of the Federal Rules of Civil Procedure for all purposes, including trial.

## II. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure authorizes consolidation of cases "when actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). The Court has "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "[T]ypically, consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (internal quotation marks and citation omitted).

## III. ARGUMENT

### A. The Two Cases Share the Same Defendants and Substantially Similar Questions of Fact and Law

"The Court need only find one issue of fact or law in common in order to permit consolidation." *Dusky v. Bellasaire Investments,* No. SACV07-874DOC, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4., 2007). Both the *Puga* Federal Case and

the *Botten* Federal Case arise out of the officer-involved shooting that occurred on February 17, 2021 in the area of Peach Avenue and Catalpa Street in Hesperia, California. Both cases assert federal claims for excessive force under the Fourth Amendment, violation of substantive due process under the Fourteenth Amendment, and related state law claims, including negligence, battery, and violation of the Bane Act against the same defendants. Consolidation would promote convenience and judicial economy as the parties would not have to expend duplicative efforts in discovery and any other litigation-related proceedings, including potentially trial in both cases.

Additionally, although "differing trial dates or stages of discovery usually weigh against consolidation, *Lewis v. City of Fresno*, No. CV-e-08-1062 OWW/GSA, 2009 WL 1948918, at *1 (E.D. Cal. July 6, 2009) consolidation will not produce any inconvenience, delay, or expense here since both cases are essentially at the same stages of discovery. The parties have agreed that any discovery previously produced in the *Puga* Federal Case may be used in the *Botten* Federal Case and both cases have essentially stalled at the same point: the scheduling of the defendant officers' depositions. Additionally, while the cases currently have different trial dates, the trial dates are only separated by less than a month and therefore can be easily merged into one or the other.

Accordingly, the gains to judicial economy substantially outweigh any inconvenience, delay, or expense.

### B. The Amount of Time and Effort Saved by Consolidation Outweigh Any Possible Prejudice

"In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). There is no doubt that consolidation will save a significant amount of time and resources for the parties, witnesses, and the Court. There is significant overlap in the parties deposed and documents requested. The parties have

1  implicitly acknowledged this, at least for the purposes of discovery, through their
2  agreement that discovery in the *Puga* Federal Case may be used where applicable, in
3  the *Botten* Federal Case. It is anticipated that Defendants will argue against
4  consolidation of trial because the cases involve different defenses and damages and
5  such differences may result in prejudice to Defendants, but "the law is clear that an
6  act of consolidation does not affect any of the substantive rights of the parties." *J.G.*
7  *Link & Co. v. Cont'l Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972). Even when
8  several actions are consolidated and tried together, "each suit retains its separate
9  character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035–
10 36 (9th Cir. 2002). Thus, any difference in defenses and damages can be adequately
11 addressed through jury instructions. *See United States v. Reyes*, 660 F.3d 454, 468
12 (9th Cir. 2011) ("Jurors are presumed to follow the court's instructions.").

### IV.     CONCLUSION

For the reasons discussed above, Puga Plaintiffs and Botten Plaintiffs respectfully request the Court grant this Motion to Consolidate and issue an order consolidating *See L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK and *Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK for all purposes, including trial.

DATED: March 7, 2024            LAW OFFICES OF DALE K. GALIPO

                                By_____/s/ Hang D. Le_____
                                    Dale K. Galipo
                                    Hang D, Le
                                    Attorneys for Plaintiffs