Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Anita K. Clarke (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO. 5:23-cv-00257-JGB-SHK <br><br> *Assigned for All Purposes to:* <br> *Hon. Kenly Kiya Kato– Courtroom #3* <br><br> **COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br> Date:  April 4, 2024 <br> Time:  9:30 a.m. <br> Ctrm:  3 <br><br> *Complaint filed: February 16, 2023* |

///

///

///

///

///

1
**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..................................3

I.    PRELIMINARY STATEMENT .........................................................5

II.   LEGAL STANDARD ........................................................................5

III.  ARGUMENT ....................................................................................6

      A.    THE FACTS AND CLAIMS ARE NOT THE SAME .........................7

            1.    Facts and Claims in L.C., et al. v. State of California, et al. .......7

            2.    Facts and Claims in Botten, et al. v. State of California, et al..........................................................................8

            3.    Common Factual Allegations and Claims ...................................9

            4.    The Claims in Each Case are Distinct .........................................9

      B.    THE EVIDENCE IN SUPPORT OF PLAINTIFFS' CLAIMS AND DEFENDANTS' DEFENSES ARE NOT THE SAME .............11

      C.    THERE IS NOT ANY OVERLAP IN DAMAGES IN THE CASES ......................................................................................13

      D.    THE PREJUDICE TO DEFENDANTS IS SUBSTANTIAL AND JURY INSTRUCTIONS CANNOT ADEQUATELY CURE ISSUES PRESENTED BY CONSOLIDATION ....................13

IV.   CONCLUSION ................................................................................15

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1

2

TABLE OF AUTHOERITIES

3

Page(s)

4

Cases

5

*Arruda v. County of Los Angeles*,
6
    2008 WL 11411632 (C.D. Cal. Aug. 5, 2008) ...................................................10

7

*Avelar v. Cnty. of L.A.*,
8
    2016 WL 11760744 (C.D. Cal. June 13, 2016)..................................................11

9

*Bower v. Wright Medical Technology, Inc.*,
    2019 WL 3947087 (C.D. Cal. Aug. 19, 2019) ....................................................6
10

11

*Brower v. County of Inyo*,
    489 U.S. 593 (1989).............................................................................................10
12

13

*Cantrell v. GAF Corp.*,
    999 F.2d 1007 (6th Cir. 1993) ..............................................................................7
14

15

*Dimmig v. County of Pima*,
    569 Fed. App'x. 540 (9th Cir. 2014) ...................................................................10
16

17

*Dodaro v. Standard Pacific Corp.*,
    2009 WL 10673229 (C.D. Cal. Nov. 16, 2009) ...................................................6
18

19

*Ferguson Corinthian Colleges Inc.*,
    2011 WL 1519352 (C.D. Cal. Apr. 15, 2011)......................................................6
20

*Griffin v. Aerostat USA*,
    2011 WL 204833 (D. Ariz. Jan. 20, 2011)..........................................................10
21

22

*Hernandez v. Cty. of L.A.*,
    2021 WL 8820856 (C.D. Cal. Dec. 24, 2021)......................................................11
23

*Johnson v. Celotex Corp.*,
24
    899 F.2d 1281 (2d Cir. 1990) ...............................................................................5

25

26

*Lawrence v. City and County of San Francisco*,
    258 F.Supp.3d 977 (N.D. Cal. 2017)....................................................................11

27

28

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

*Parapluie v. Mills*,
  2012 WL 13009100 (C.D. Cal. Jan. 26, 2012) ........................................................ 7

*Reese v. County of Sacramento*,
  888 F.3d 1030 (9th Cir. 2018) ................................................................ 12

*Rodriguez v. County of Los Angeles*,
  2023 WL 4010447 (C.D. Cal. 2023) ...................................................... 10

*Rodriguez v. Cty. of Fresno*,
  819 F.Supp.2d 937 (E.D. Cal. 2011) ...................................................... 11

*Sadri v. Ulmer*,
  2007 WL 9710866 (D. Haw. Oct. 25, 2007) ........................................... 7

*Single Chip Systems Corp. v. Intermec IP Corp.*,
  495 F.Supp.2d 1052 (S.D. Cal. May 21, 2007) ......................................... 6

*Spiteri v. Nationwide Mutual Fire Insurance*,
  2008 WL 11449289 (C.D. Nev. Aug. 7, 2008) ......................................... 7

*United States v. Reyes*,
  660 F.3d 454 (9th Cir. 2011) ................................................................ 15

Statutes

42 U.S.C. § 1983 .......................................................................................... 7, 8

California Civil Code § 52.1 ................................................................... 8, 9, 11

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    PRELIMINARY STATEMENT**

3         "Considerations of convenience and economy must yield to a paramount

4    concern for a ***fair*** and impartial trial."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285

5    (2d Cir. 1990) (emphasis added).  Plaintiffs' request to consolidate the cases of *L.C.,*

6    *et al. v. State of California, et al.*, Case No. 5:22-cv-00949-KK-SHK (hereinafter

7    "*L.C., et al.*") and *Botten, et al. v. State of California, et al.*, Case No. 5:23-cv-00257-

8    KK-SHK (hereinafter "*Botten, et al.*") in the name of judicial economy wholly

9    disregards the substantial prejudice consolidating the cases would cause the County

10   Defendants.  Simply put, Plaintiffs' procedural arguments must yield to the County

11   Defendants' right to a fair trial for the reasons detailed herein.

12        The cases of *L.C., et al.* and *Botten, et al.* are distinct cases in several respects,

13   all considerable concerns that will cause prejudice to the County Defendants and

14   create significant juror confusion if the cases are consolidated because they involve

15   (1) separate and distinct facts, (2) different claims, (3) different theories behind those

16   claims, (4) different damages, (5) different relevant discovery, (6) different relevant

17   evidence at trial, (7) different experts, and (8) different Plaintiffs.

18   **II.   LEGAL STANDARD**

19        "In determining whether to consolidate a court weighs the interest in judicial

20   convenience against the potential for delay, confusion, and prejudice caused by

21   consolidation."  *Bower v. Wright Medical Technology, Inc.*, 2019 WL 3947087, *2

22   (C.D. Cal. Aug. 19, 2019) quoting *Ferguson Corinthian Colleges Inc.*, 2011 WL

23   1519352, at *2 (C.D. Cal. Apr. 15, 2011).  "The party seeking consolidation bears the

24   burden of establishing that the judicial economy and convenience benefits of

25   consolidation ***outweigh*** any prejudice."  *Single Chip Systems Corp. v. Intermec IP*

26   *Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. May 21, 2007) (citations omitted)

27   ///

28

1  (emphasis added); *Dodaro v. Standard Pacific Corp.*, 2009 WL 10673229, *3 (C.D.
2  Cal. Nov. 16, 2009).

3  **III.   ARGUMENT**

4        Plaintiffs primarily argue that consolidating the cases of *L.C., et al.* and *Botten,*
5  *et al.* will promote judicial economy.  For the reasons stated herein, the prejudice to
6  Defendants greatly outweighs Plaintiffs' sole argument for consolidation.  County
7  Defendants submit that should consolidation be permitted, their right to a fair trial and
8  due process would be severely impacted and the time consolidation would save is
9  questionable given the amount of curative instructions, argument, and evidence that
10  would necessarily have to be presented at trial to address potential jury confusion.
11  These "curative" measures will likely outweigh any time saved on the front end of
12  consolidation. With such drastically different legal claims and only minimally
13  overlapping facts (i.e. law enforcement arrived to the location and discharged their
14  weapons), it will only lead to more inefficiencies.

15        "The threshold inquiry when considering consolidation is whether the two
16  cases share common questions of law or fact." *Parapluie v. Mills*, 2012 WL
17  13009100, *5 (C.D. Cal. Jan. 26, 2012).  Cases should not, however, be consolidated
18  if it would result in undue prejudice for any of the parties. *Spiteri v. Nationwide*
19  *Mutual Fire Insurance*, 2008 WL 11449289, *1 (C.D. Nev. Aug. 7, 2008) citing
20  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  "[T]he court should
21  consider: whether the specific risks of prejudice and possible confusion [are]
22  overborne by the risk of inconsistent adjudications of common factual and legal
23  issues, the burden on parties, witnesses, and available judicial resources posed by
24  multiple lawsuits, the length of time required to conclude multiple suits as against a
25  single one, and the relative expense to all concerned of the single-trial, multiple
26  alternatives." *Sadri v. Ulmer*, 2007 WL 9710866, *2 (D. Haw. Oct. 25, 2007) citing
27  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  Further, the cases

28

1  should not be consolidated if juror confusion would result due to unrelated allegations

2  against Defendants in both cases.  *Sadri*, 2007 WL 9710866 at *2.

3  **A.  THE FACTS AND CLAIMS ARE NOT THE SAME**

4  **1.  Facts and Claims in L.C., et al. v. State of California, et al.**

5  The operative complaint in *L.C., et al. v. State of California, et al.*, Case No.

6  5:22-cv-00949-JGB-KK (Dkt. 68) asserts the following claims: (1) Fourth

7  Amendment – Detention and Arrest (42 U.S.C. § 1983), (2) Fourth Amendment –

8  Excessive Force (42 U.S.C. § 1983), (3) Fourth Amendment – Denial of Medical Care

9  (42 U.S.C. § 1983), (4) Substantive Due Process (42 U.S.C. § 1983), (5) Battery

10  (Survival and Wrongful Death), (6) Negligence (Survival and Wrongful Death), and

11  (7) Violation of Cal. <u>Civil Code</u> § 52.1.

12  In summary, the factual allegations Plaintiffs allege in *L.C., et al. v. State of*

13  *California*, are as follows: on February 17, 2021 at 1:42 a.m., California Highway

14  Patrol (CHP) and County of San Bernardino deputies attempted a traffic stop of

15  Hector Puga's (Decedent's) vehicle (TAC ¶ 25).  Mr. Puga's vehicle became disabled

16  near Peach Avenue and Catalpa Street in Hesperia, California.  (TAC ¶ 26).  Mr. Puga

17  complied with commands but the CHP officers and County deputies shot Mr. Puga.

18  (TAC ¶¶ 27-28).  Defendants Kee, Blackwood, Rubalcava, Vaccari, and Adams all

19  discharged their firearms against unarmed Mr. Puga.  (TAC ¶¶ 29-33).  Mr. Puga ran

20  away from the officers and deputies while Deputy Kee, Blackwood, Rubalcava,

21  Vaccari, and Adams continued to discharge their firearms.  (TAC ¶¶ 34-39.)  After

22  Mr. Puga dropped to the ground, Defendants continued firing at him.  (TAC ¶¶ 40-

23  45.)  The officers and deputies did not give a warning that deadly force was going to

24  be used, they had less lethal alternatives available to subdue Mr. Puga, and they failed

25  to timely summon medical care.  (TAC ¶¶ 46-48.)  Plaintiffs are the successors in

26  interest to Mr. Puga.  (TAC ¶¶ 49-52.)  Plaintiffs claim damages for loss of economic

27  support, compensatory damages including survival damages and wrongful death

28

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1   damages, funeral and burial expenses, loss of economic support, punitive damages,

2   statutory damages, treble damages, interest, and attorney's fees.  (TAC ¶ 53, Prayer

3   for relief A-H.)

4   **2.**    **Facts and Claims in *Botten, et al. v. State of California, et al.***

5   The operative complaint in *Botten, et al. v. State of California, et al.*, Case No.

6   5:23-cv-00257-JGB-SHK (Dkt. 27) asserts the following claims: (1) Fourth

7   Amendment – Excessive Force (42 U.S.C. § 1983), (2) Substantive Due Process (42

8   U.S.C. § 1983), (3) Battery, (4) Negligence, (5) Negligent Infliction of Emotional

9   Distress, and (6) Violation of Cal. Civil Code § 52.1.

10   In summary, the factual allegations Plaintiffs allege in *Botten, et al. v. State of*

11   *California*, are as follows: on February 17, 2021 at 3:00 a.m. near 17994 Catalpa

12   Street in Hesperia, California, the Botten Plaintiffs were in their residence asleep

13   when they were awoken by sirens and observed law enforcement stop a vehicle across

14   the street from the Botten residence.  (FAC ¶ 26.)  The Botten Plaintiffs went back to

15   sleep and were awoken again by sirens and a helicopter outside of their residence.

16   (FAC ¶ 27.)  The Botten Plaintiffs gathered inside near the front of their house to

17   observe what was occurring.  (FAC ¶ 28.)  The Botten Plaintiffs saw Mr. Puga shot

18   by law enforcement.  (FAC ¶ 28.)  Based on the location of the officers and shots

19   being fired, the Botten Plaintiffs did not believe they could leave their property.  (FAC

20   ¶ 29.)  The Botten Plaintiffs Tanja, Jonathan, and J.B. were shot by errant bullets.

21   (FAC ¶ 31.)  Deputies summoned paramedics for the Botten Plaintiffs.  (FAC ¶¶ 31-

22   32.)  Plaintiff Anabelle observed her father Jonathan, mother Tanja, and brother J.B.

23   sustain gunshot injuries.  (FAC ¶ 33.)  Tanja and J.B. were airlifted to the hospital

24   (FAC ¶ 34) and Jonathan was transported to the hospital by ambulance.  (FAC ¶ 35.)

25   Plaintiffs are claiming compensatory damages, medical expenses, loss of

26   earnings, punitive damages, statutory damages, treble damages, interest, attorney's

27   fees, and costs.  (FAC Prayer for Relief A-H.)

28

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

### 3.        Common Factual Allegations and Claims

The common material facts to both cases are only superficial in factual similarity, specifically the extent of the same facts are: (1) law enforcement had an interaction with Mr. Puga on February 17, 2021 and (2) shots were fired at Mr. Puga. Although both cases have claims for Fourth Amendment violations, Substantive Due Process, Battery, Negligence, and Bane Act violations, the allegations in each case supporting these respective claims are drastically different with minimal overlap.

### 4.        The Claims in Each Case are Distinct

"Although both complaints assert the same causes of action, 'because the predicate facts differ, the legal questions that flow from those facts will also differ.'" *Parapluie*, 2012 WL 13009100 at *5 quoting *Griffin v. Aerostat USA*, 2011 WL 204833, *2 (D. Ariz. Jan. 20, 2011) (citations omitted).  The first claim in both cases is for violation of the Fourth Amendment, however, even a brief review of the factual allegations reveals they are based on entirely different theories.  *L.C., et al.* asserts Mr. Puga's rights were violated when the individual Defendants detained Decedent without reasonable suspicion and arrested him without probable cause.  (TAC ¶ 55.) Plaintiffs allege Mr. Puga's rights were further violated when the individual Defendants pointed their weapons at Decedent and performed an unreasonable search and seizure.  (TAC ¶ 56.)

The evidence relating to whether there was reasonable suspicion and/or probable cause to detain Mr. Puga is entirely irrelevant as to whether the Botten Plaintiffs were seized in their home.  Further any claim of excessive force will come down to a question of intent as it relates to Mr. Puga and the Botten Plaintiffs separately and distinctly.  The Botten Plaintiffs must rely on a different theory of liability from the *L.C. et al.* Plaintiffs, not the *Graham* factors, as it is clear in this Circuit "Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is governmental termination of freedom of movement ***through means intentionally applied***." *Rodriguez v. County of Los Angeles*, 2023 WL 4010447, *7 (C.D. Cal. 2023) (emphasis in original) quoting *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) quoting *Arruda v. County of Los Angeles*, 2008 WL 11411632, at *2-3 (C.D. Cal. Aug. 5, 2008). "Police officers' conduct only implicates the Fourth Amendment when it involves "means intentionally applied." *Dimmig v. County of Pima*, 569 Fed. App'x. 540, 541 (9th Cir. 2014) citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989). "'The Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Arruda v. County of Los Angeles*, 2008 WL 11411632 at *1, quoting *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). Plaintiffs must be the "deliberate object" of the exertion of force for Defendants to be liable pursuant to the Fourth or Fourteenth Amendments. *Rodriguez v. Cty. of Fresno*, 819 F.Supp.2d 937, 945, 948 (E.D. Cal. 2011), cited with approval and followed by *Hernandez v. Cty. of L.A.*, 2021 WL 8820856, *7 (C.D. Cal. Dec. 24, 2021) and *Avelar v. Cnty. of L.A.*, 2016 WL 11760744, *5-6 (C.D. Cal. June 13, 2016).

Thus, it is no surprise that County Defendants' defense for this claim in *Botten, et al.* including Motion for Summary Judgment, pretrial documents, and trial will focus on County Defendants' lack of intent towards the Botten Plaintiffs and the lack of any seizure as to them. Questions as to whether anybody engaged the Botten family in a manner such that they were seized inside their residence is an entirely different analysis involving differing expert testimony than whether force used as to Mr. Puga was reasonable. Likewise, the issue as to how the Botten Plaintiffs received their injuries will depend on an entirely different line of questioning then that of Puga. County Defendants anticipate that both sides will retain ballistic experts to discuss

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1   bullet trajectory and analysis.  This testimony regarding which officers fired at Puga

2   from where and when and which bullets resulted in his fatal injuries have no bearing

3   on the Botten claims.  Likewise, the forensic ballistic analysis as to which bullets were

4   fired at the Botten house hitting it and causing injuries to the Botten family is an

5   entirely separate and distinct analysis.

6           Both sets of Plaintiffs have alleged Battery, Negligence, and violation of the

7   Bane Act.  For similar reasons as previously stated, these claims involve a question

8   of intent.  Specifically for the Bane Act claim, Plaintiffs must prove that Defendants

9   threatened, intimidated, or coerced Plaintiffs and that the Defendants had specific

10  intent towards the particular Plaintiff.  *Lawrence v. City and County of San Francisco*,

11  258 F.Supp.3d 977, 994-95 (N.D. Cal. 2017); *Reese v. County of Sacramento*, 888

12  F.3d 1030, 1043-45 (9th Cir. 2018).  It cannot be questioned that the Defendants'

13  conduct was vastly different in regards to Mr. Puga, compared to the Botten residents,

14  whom the Defendants did not know were present until they came out of their residence

15  and Defendants immediately summoned medical care for.  Specific intent is wholly

16  lacking in the Botten Plaintiffs' Bane Act claim.  Argument and evidence including

17  witness testimony, will all be different in the *Botten* case compared to the *L.C.* case

18  where force was actually used intentionally.

19          As for the Negligence claim, the duty law enforcement owed the *Botten*

20  Plaintiffs and Mr. Puga were also different as Mr. Puga was the intentional target of

21  the detention and arrest.  Once again, the jury instructions would be different for each

22  case, causing substantial juror confusion and likely an unjust verdict.

23       **B.     THE EVIDENCE IN SUPPORT OF PLAINTIFFS' CLAIMS AND**

24               **DEFENDANTS' DEFENSES ARE NOT THE SAME**

25          As set forth above, the focus of the expert witness testimony in each case will

26  have an entirely different focus and combining them together would have a negative

27  impact on the County Defendants.  For example, the County Defendants anticipate

28

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
CONSOLIDATE**

that they will offer testimony from a ballistics expert in the *Botten* case that only one County Defendant, Deputy Adams[1], fired any bullets and based on his positioning, there was no way any rounds he fired could have hit the Botten family without defying the laws of physics. (*See* Exhibit A – still of dash cam footage, and Exhibit B – overhead view of relevant geographical area where the incidents occurred). Specifically, as set forth in the attached exhibits Deputy Adams was facing away from the Botten residence when he fired at Mr. Puga and therefore without making a sharp right-hand turn, his rounds could not have been the cause of any injuries to the Bottens. However, with respect to Puga, there will be evidence that Deputy Adams fired at and likely hit Mr. Puga. Combining these two cases will not allow Deputy Adams to separately explain through his expert the intent and focus of each of his shots and reasoning behind them.

Additionally, lengthy forensic evidence and testimony from the Coroner concerning the autopsy of Mr. Puga will be presented at trial, which is entirely irrelevant to the Bottens' case. Similarly, the Botten Plaintiffs will likely present numerous medical experts to address their injuries which have no bearing on the *L.C.* case. These are just two of the many examples of evidence the jury will be presented with that they otherwise would not hear if the cases were not consolidated. "In determining whether to consolidate a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Bower v. Wright Medical Technology, Inc.*, 2019 WL 3947087, *2 (C.D. Cal. Aug. 19, 2019). The weight of the confusion and prejudice outweighs the judicial convenience in this case.

///

---

[1] The evidence will show that Sgt. Vaccari was armed with a less lethal pepper ball gun and was not responsible for any fatal injuries to Puga nor could he possibly have caused any injury to the Botten family, despite being named as a party.

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1   It cannot be understated that the individual deputies will not receive a fair trial
2   if the jury is presented with evidence in the *L.C.* case of what occurred in the *Botten*
3   case and vice versa.  The prejudice and confusion caused by the conflicting legal
4   standards, separate facts, evidence that only relates to one of the cases including
5   experts, are all issues that greatly outweigh any minimal judicial convenience.

6   **C.    THERE IS NOT ANY OVERLAP IN DAMAGES IN THE CASES**

7   The *L.C.* Plaintiffs are claiming loss of support, wrongful death and survival
8   damages, loss of financial support, and funeral and burial expenses, none of which
9   apply to the Botten Plaintiffs.  It is anticipated that there will be testimony both lay
10  and expert regarding Mr. Puga's lifestyle that impacted both his life expectancy and
11  quality of the relationship with his family members, all of which have no bearing on
12  the Botten case.  The *Botten* Plaintiffs are claiming medical expenses and loss of
13  earnings, neither of which apply to the *L.C.* Plaintiffs.  To support their claims, they
14  will likely present evidence from treating physicians and experts as to the nature and
15  extent of their injuries that have nothing to do with the damages in *L.C.*

16  Further, both are claiming punitive damages, however, the Plaintiffs' argument
17  for punitive damages and the defense to punitive damages in the cases will be entirely
18  different given the substantially different intent towards Mr. Puga compared with the
19  Bottens.

20  If it were not enough confusion caused by different claims with different legal
21  standards, the additional confusion caused by which damages each Plaintiff is
22  claiming and is entitled to will entirely defeat Plaintiffs' judicial convenience
23  argument.  Such large issues that would severely impact defendants, such as punitive
24  damages, cannot be left up to chance that Defendants will be able to alleviate enough
25  of the confusion for the jury.

26  ///

27  ///

28

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1    **D.    THE PREJUDICE TO DEFENDANTS IS SUBSTANTIAL AND**
2         **JURY INSTRUCTIONS CANNOT ADEQUATELY CURE**
3         **ISSUES PRESENTED BY CONSOLIDATION**

4        It cannot be disputed Plaintiffs have a great strategic advantage by
5    consolidating the cases.  Mr. Puga was fleeing from police, was involved in a standoff
6    when this incident occurred, has a criminal history, and engaged in a confrontation
7    with law enforcement.  Mr. Puga and the *L.C.* Plaintiffs are in an entirely different
8    position than the Botten residents who are sympathetic bystanders shot by errant
9    bullets.  It is unlikely any jury would be able to separate the officers' and deputies'
10   conduct towards Mr. Puga from the case involving the sympathetic Bottens.  Instead,
11   it is more likely the jury may hold what occurred to the Bottens against the officers
12   and deputies, and infer the officers and deputies were negligent in their conduct
13   towards Mr. Puga, instead of weighing the evidence in each case for each Plaintiff
14   separately.  This will clearly deprive the County Defendants of a fair trial, especially
15   since the evidence will show that Deputy Adams could not have caused any of the
16   physical injuries to the Bottens, a point that will likely be lost in all of the multiple
17   issues that are being tried at once.

18       When such prejudice exists, it is Plaintiffs' burden to establish that judicial
19   economy and convenience benefits of consolidation outweigh any prejudice, which
20   Plaintiffs have not done here.  *See Single Chip Systems Corp. v. Intermec IP Corp.*,
21   495 F.Supp.2d 1052, 1057 (S.D. Cal. May 21, 2007) (citations omitted); *Dodaro v.*
22   *Standard Pacific Corp.*, 2009 WL 10673229, *3 (C.D. Cal. Nov. 16, 2009).

23       Plaintiffs' only solution to this obvious dilemma is that the Court can give
24   curative instructions.  However, the only case cited by Plaintiffs, *United States v.*
25   *Reyes*, 660 F.3d 454, 468 (9th Cir. 2011), has nothing to do with prejudice caused by
26   consolidating cases or admitting evidence into the case because it is admissible in one
27   case and not the other or dealing with substantial juror confusion caused by
28

consolidation.  *Reyes* simply stands for the proposition that jurors are presumed to follow the court's instructions.  However, *Reyes,* does not address the ability of jurors to focus on and follow multiple curative instructions that will be necessary in this case to advise them on what they can consider and not consider as evidence in each case, or to address the multiple different legal instructions that will need to be given as to the varying claims.  Jury instructions alone are not capable of remedying the vast amount of evidence and argument that would only apply to either *L.C. et al.* or *Botten, et al.* but not the other.  Plaintiffs have not met their burden to establish the benefits of judicial economy and convenience outweigh the prejudice and confusion.

## IV.  CONCLUSION

Because Defendants have raised issues of prejudice and Plaintiffs have merely offered questionable benefits of consolidation, Plaintiffs have not met their burden that consolidation should be granted.  For the aforementioned reasons, the County Defendants request this Court deny Plaintiffs' Motion to Consolidate.


DATED:  March 14, 2024              **LYNBERG & WATKINS**
                                   A Professional Corporation



                          By:  */s/ Anita K. Clarke*
                                   Shannon L. Gustafson
                                   Amy R. Margolies
                                   Anita K. Clarke
                                   Attorneys for Defendants, COUNTY OF
                                   SAN BERNARDINO, ROBERT
                                   VACCARI and JAKE ADAMS

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

1
## **CERTIFICATE OF COMPLIANCE**

2    The undersigned, counsel of record for Defendant County of San Bernardino,

3 Robert Vaccari, and Jake Adams certifies that this brief contains 3,471 words,

4 which:

5    X complies with the word limit of L.R. 11-6.1.

6    ☐ complies with the word limit set by court order dated _____.

7 DATED:  March 14, 2024          **LYNBERG & WATKINS**
                                   A Professional Corporation
8

9

10                          By:  */s/ Anita K. Clarke*
                                 SHANNON L. GUSTAFSON
11                               AMY R. MARGOLIES
                                 ANITA K. CLARKE
12                               Attorneys for Defendants, COUNTY OF
                                 SAN BERNARDINO, ROBERT
13                               VACCARI and JAKE ADAMS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**