ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General
DIANA ESQUIVEL
Deputy Attorney General
State Bar No. 202954
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7320
 Facsimile:  (916) 322-8288
 E-mail:  Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants Blackwood, Kee, and Rubalcava*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **JONATHAN WAYNE BOTTEN, SR., et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | No. 5:23-cv-0257 KK-SHK<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Date:    April 4, 2024<br>Time:    9:30 a.m.<br>Crtrm:   3<br>Judge:   Hon. Kenly Kiya Kato<br><br>Action Filed: February 16, 2023 |

## INTRODUCTION

The Court should deny Plaintiffs' motion to consolidate, for all purposes, this case with *L.C., et al. v. State of California*, et al. (C.D. Cal. No. 5:22-cv-0949 KK-SHK) (*Puga*) because consolidation is unnecessary, premature, and will result in jury confusion and undue prejudice to the Defendants at trial. Defendants Blackwood, Kee, and Rubalcava (collectively "State Defendants") do not dispute that the two cases involve common facts because they arise from the same February 17, 2021 officer-involved shooting of decedent Hector Puga. Decedent's minor

children and mother are the Plaintiffs in *Puga*. The Plaintiffs here are the bystanders that were struck by stray bullets during the officers' shoot-out with the decedent. State Defendants also do not dispute that the cases are in similar procedural postures—both are in the early stages of discovery although a significant amount of written discovery has been propounded and answered, and the current trial dates are only three weeks apart. Nevertheless, consolidation is unnecessary because the parties have already entered into an informal agreement to avoid the burden and expense of duplicative discovery, including depositions. Since both cases are assigned to the same district judge and magistrate judge, the Court already has oversight of these cases and can issue any order needed to prevent duplicative discovery. Consolidation for all purposes at this juncture is also premature because it will result in a lengthy, convoluted, and confusing jury trial, involving at least nine Plaintiffs, thirteen claims, and multiple experts whose testimony will be limited to one set of Plaintiffs. Further, each case presents different legal theories for the State Defendants' liability, and each group of Plaintiffs are entitled to recover different types of damages if they prevail, such that jury confusion will be inevitable. The prudent course of action is to wait until all dispositive motions are resolved, then based on the parties and claims remaining, determine whether consolidation for trial is appropriate. For these reasons, the Court should deny Plaintiffs' motion.

## ARGUMENT

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions if those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Under Rule 42(a), "one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded

separately." *Id.* at 76, quoting 3 J. Moore & J. Friedman, *Moore's Fed. Practice* § 42.1, pp. 3050-3051 (1938). For this reason, Rule 42(a) permits a court to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Toyo Tire & Rubber Co., Ltd v. Wheel Grp. Holdings, LLC*, No. SA CV 16-1814-DOC (DFMx), 2016 WL 11525318, at *1 (C.D. Cal. Oct. 26, 2016).

In determining whether consolidation is appropriate, a court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Miesegaes v. Dep't of State Hosps.-Atascadero*, No. CV 18-08498 CJC (RAO), 2020 WL 5414827, at *1 (C.D. Cal. Aug. 6, 2020), citing *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015). Thus, even where a common question exists, consolidation is not appropriate if it results in, or leads to, inefficiency, inconvenience, confusion, or unfair prejudice to a party. *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 19-CV-2141 JM (JLB), 2021 WL 2780234, at *2 (S.D. Cal. July 2, 2021), citing *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). "In addressing whether or not to consolidate, a court should consider: (1) the risk of delaying trial; (2) the risk of prejudice and confusion; and (3) the potential burden on the parties, witnesses, and available judicial resources." *Toyo Tire & Rubber Co., Ltd*, 2016 WL 11525318, at *2 (internal citations omitted). The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation. *Snyder v. Nationstar Mortg. LLC*, No. 15-CV-03049-JSC, 2016 WL 3519181, at *2 (N.D. Cal. June 28, 2016).

Here, any convenience and judicial economy that may be gained from consolidation is outweighed by the resulting confusion and prejudice.

### I. THE RISK OF DELAYING TRIAL IS MINIMAL.

This case is set to start trial on February 3, 2025. (ECF No. 60.) *Puga* is scheduled for trial on January 13, 2025. (*Puga* ECF No. 80.) Thus, consolidating the case poses little risk of causing a significant delay to the *Puga* trial.

### II. THE RISK OF PREJUDICE AND CONFUSION IS HIGHLY LIKELY TO OCCUR AS A RESULT OF TRYING THIS CASE WITH *PUGA*.

Plaintiffs here are the three bystanders who were accidentally shot during the shoot-out with the decedent and the daughter of the bystander who allegedly witnessed the shooting. (Compl. ¶¶ 4-7, ECF No. 1.) They filed this action for excessive force under the Fourth Amendment, substantive due process violations under the Fourteenth Amendment and state-law claims for battery, negligence, negligent infliction of emotional distress, and Bane Act violations. (*Id.* at p. 1.) The *Puga* Plaintiffs are the decedent's four minor children and his mother[1], and they brought their action under the Fourth Amendment for excessive force, unlawful detention and arrest, and denial of medical care, under the Fourteenth Amendment for substantive due process violations, and under California law for battery (wrongful death and survival), negligence (wrongful death and survival), and Bane Act violations. (*Puga* Third Am. Compl. ¶¶ 4-8, 11, ECF No. 68.)

Plaintiffs argue in their motion that the claims in both cases are substantially similar, and any variances can be addressed in jury instructions. (Pls.' Mot. 5:3-6:12, ECF No. 62.) Plaintiffs are wrong. The *Puga* 42 U.S.C. § 1983 claims will be analyzed under the Fourth Amendment. Whether the State Defendants had reasonable suspicion and probable cause to detain and arrest the decedent, who was involved in a freeway shooting that led to the lengthy high-speed pursuit and stand-off, will require examining the events leading up to the arrest and whether the historical facts, viewed from the standpoint of an objectively reasonable police

---

[1] S.S.C. is a nominal Defendant for purposes of the wrongful-death claims. Thus, in reality, she is a Plaintiff. *Estate of Kuebler v. Sup. Ct.*, 81 Cal. App. 3d 500, 503 (1978).

officer, amounted to probable cause. *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021). Whether the State Defendants used objectively reasonable force in response to the decedent pulling a gun from his waistband and pointing it and shooting at the officers will be analyzed under the *Graham* factors and the totality of the circumstances. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). And whether the State Defendants in *Puga* denied the decedent medical care for his injuries will be based on the reasonableness of the Defendants' conduct under the totality of the circumstances, viewed from the perspective of a reasonable person on the scene. *Tatum v. Cty. & Cnty. of S.F.*, 441 F.3d 1090, 1098 (9th Cir. 2006). These legal issues are irrelevant to the Plaintiffs' claims here.

Contrary to Plaintiffs' allegations in the operative complaint, their § 1983 claim for excessive force will be analyzed under the Fourteenth Amendment. *U.S. v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (finding where no seizure has occurred in an excessive force claim, the claim falls outside the Fourth Amendment and its "reasonableness standard" comes instead within the ambit of the substantive due process component of the Fourteenth Amendment); *Rodriguez v. Cnty. of L.A.*, No. 2:21-CV-06574-SK, 2023 WL 4010447, at *7 (C.D. Cal. June 13, 2023) (stating that case law applying *Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989) to police shootings have recognized that "accidental or unintended seizures do not fall under the Fourth Amendment"). The focus here will be whether the State Defendants' conduct with regard to Plaintiffs, innocent bystanders who were inadvertently shot, "shocks the conscience" or was "malicious or sadistic" for the purpose of causing harm unrelated to any legitimate law enforcement interest. *Rodriguez v. Cty. of Fresno*, 819 F. Supp. 2d 937, 949 (E.D. Cal. 2011).

If the § 1983 claims currently alleged in both cases proceed to trial, there is a strong likelihood of juror confusion since both cases arise from similar factual situations but must be decided under completely different legal standards. Further, the damages sought vary vastly among the Plaintiffs. For example, Plaintiff

Annabelle Botten's damages are limited to her claim for the emotional distress allegedly suffered from having witnessed her family members shot; she did not sustain any physical injury. The remaining Plaintiffs here are likely to introduce substantial evidence of their physical injuries and past and future medical costs and lost earnings and earning capacity (as alleged in the complaint), in addition to their emotional distress, that will likely require the testimony of various experts. Damages for the *Puga* Plaintiffs are far more limited—loss of the decedent and decedent's pain and suffering before he succumbed to his injuries. While jurors are presumed to follow the jury instructions, confusion can nevertheless occur, especially when trial involves nine Plaintiffs, thirteen claims, and varying legal standards and damages on the same or substantially similar facts, resulting in unfair prejudice to the State Defendants. As such, consolidation would only serve to complicate what may otherwise be two relatively straight-forward use-of-force cases. The lack of common questions of law increases the likelihood of juror confusion and lengthens the trial, inviting potential juror unavailability or boredom.[2] Consolidation is therefore inappropriate. Alternatively, consolidation for trial purposes is premature. This issue can be revisited after dispositive motions are decided, and it becomes clear what claims and parties will proceed to trial.

### III. THE POTENTIAL BURDEN ON THE PARTIES, WITNESSES, AND AVAILABLE JUDICIAL RESOURCES IS MINIMAL IF THE CASES ARE NOT CONSOLIDATED.

Finally, because the Court is already presiding over both related cases and can effectively manage and coordinate the proceedings to mitigate inefficiency, the

---

[2] Although the battery and negligence claims in both cases are analyzed under the objectively reasonable standard, *Tabares v. Cty. of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021), the Bane Act claims focus on the intent, recklessness, or indifference of the State Defendants towards the Plaintiffs. *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (2018). Given Plaintiffs' judicial admissions in the now-dismissed state-court action that their shooting was accidental and unintentional (*see* State Defs.' Mot. to Dismiss 1:9-17, ECF No. 32), applying different legal standards to similar facts for a specific set of Plaintiffs at trial will likely confuse the jury, thus making consolidation inappropriate even on the state-law claims.

potential burden on the parties, witnesses, and available judicial resources in litigating the cases separately is minimal. As Plaintiffs conceded in their moving papers, counsel for the parties have been working together to avoid duplicative discovery and lessen the burden and expense of discovery. (Pls.' Mot. 2:5-3:28.) These agreements include that discovery taken in one case can be used in the other and that the officers' depositions be taken once for purposes of both cases. (*Id*.) The parties can (and the State Defendants intent to) continue to work together concerning the course of discovery, enter into similar agreements related to third-party discovery, and if they are unable to reach agreement, the parties can seek judicial intervention or guidance. Thus, consolidation is unnecessary for the efficient management and completion of discovery. Alternatively, the Court is authorized under Rule 42(a)(3) to consolidate these cases for discovery or pretrial management only. *See*, *e.g.*, *Bank Markazi v. Peterson*, 578 U.S. 212, 232 (2016) (discussing the consolidation of enforcement actions for administrative purposes).

## CONCLUSION

Plaintiffs argue that common issues of fact and the early stage of both proceedings are reason enough to consolidate this case with *Puga* for all purposes, including trial. However, because of the likelihood of jury confusion and the substantial prejudice to the State Defendants that could arise from consolidation, the Court should deny their motion to consolidate.

Dated: March 14, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for State Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Blackwood, Kee, and Rubalcava, certifies that this brief contains 2,098 words, which complies with the word limit of Local Rule 11-6.1.

Dated: March 14, 2024                           */s/ Diana Esquivel*
                                                Diana Esquivel

SA2023302180
37932747.docx