**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
JONATHAN WAYNE BOTTEN, SR.,
TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN,
AND J.B.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br>Plaintiffs, <br><br>vs. <br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10, inclusive, <br><br>Defendants. | Case No. 5:23-cv-00257-KK-SHK <br><br>*Hon. Kenly Kiya Kato* <br><br>**PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br>Hearing Date:   April 4, 2024 <br>Time:                 9:30 a.m. <br>Crtrm:                3 <br><br>Complaint filed: February 17, 2023 |

## I. THE TWO CASES INVOLVE MULTIPLE COMMON QUESTIONS OF LAW AND FACT AND ARISE OUT OF THE SAME SHOOTING INCIDENT

County Defendants contend in their Opposition that this case should not be consolidated with *L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK, because the common material facts are only "superficial" and that the evidence to support and defend the claims are "drastically different." This is not so. As State Defendants conceded in their opposition, both cases arise out of the same officer-related incident that occurred on February 17, 2021 near 17994 Catalpa Street in Hesperia, California that ultimately resulted in an officer-involved shooting that struck Decedent Hector Puga, and Plaintiffs Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, and J.B. Decedent Puga ultimately died from his gunshot wounds while Plaintiffs Botten, Sr., Dudek-Botten, and J.B. suffered serious medical injuries.

"The threshold issue [in determining whether to consolidate cases] is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). Courts have consolidated cases when they share the same core issues and a common nucleus of facts for proof, despite there being differences in injuries, damages, and other factual differences. *See, e.g., Baron v. Galactic Co., LLC*, No. 123CV01067JLTCDB, 2023 WL 8358368, at *3 (E.D. Cal. Dec. 1, 2023) (consolidating cases due to a common theory of liability and common nucleus of facts despite differences in the circumstances surrounding the plaintiffs' claims); *Blount v. Bos. Sci. Corp.*, No. 1:19-CV-0578 AWI SAB, 2019 WL 3943872, at *2–3 (E.D. Cal. Aug. 21, 2019) (consolidating four trials into one because all plaintiffs were making the same claims involving the same defendant and had cross-over of expert witnesses despite the injuries and circumstances surrounding the injuries being different); *Torres v. City of Madera*, No. CV-F-02-6385-AWI-LJO, 2004 WL

7336949, at *2 (E.D. Cal. Feb. 12, 2004) (consolidating a civil rights case with a products liability action because both cases arise out of the same set of facts); *Burnett v. Rowzee*, No. SACV07641DOCANX, 2007 WL 4191991, at *3, 5 (C.D. Cal. Nov. 26, 2007) (consolidating three cases because the core factual dispute for each of the claims is a specific Ponzi Scheme, despite there being differences in specific facts and "the various plaintiffs' relationships to various defendants").

*Young v. City of Augusta*, 59 F.3d 1160 (11th Cir. 1995) is instructive here. *Young* involved a plaintiff's Eighth Amendment claim against prison officials for improper treatment of her mental health condition. The plaintiff alleged that the city failed to adequately train or select jail personnel to deal with inmates suffering from mental illness. *Id.* at 1165. Young sought consolidation with another case against the city with an Eighth Amendment claim for improper mental health treatment. *Id.* The Eleventh Circuit disagreed with the magistrate judge's finding that there were no common issues or law or fact in the cases and reasoned that consolidation would have been appropriate, despite there being differences between the two actions in that each plaintiff alleged a different set of facts concerning his or her medical needs and the responses by the jail employees. *Id.* at 1168-69. Here, the commonalities of the two cases, including both cases arising out of the *same* incident, same nucleus of facts, and asserting the same claims provide even stronger support for consolidation.

In the early morning hours of February 17, 2021, Defendants Isaiah Kee, Michael Blackwood, Bernardo Rubalcava ("CHP Officer Defendants"), Robert Vaccari, and Jake Adams ("County Deputy Defendants") pursued Decedent Hector Puga to the area around 17994 Catalpa Street in Hesperia, California ("Botten Residence") and attempted to detain and arrest him. (*See* Dkt. No. 27, ¶¶ 25-27). In doing so, CHP Officer Defendants and County Deputy Defendants had their overhead lights on, their firearms and less-lethal weapons out, pointed their weapons at Decedent Puga, made several announcements to Decedent Puga, and had the assistance of a law enforcement helicopter flying overhead. Based on the police

-3-
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

activity and the CHP Officer Defendants and County Deputy Defendants' show of authority outside their home, the Botten Plaintiffs believed that they were not free to leave their residence. (*See* Dkt. No. 27, ¶¶ 28-30). Ultimately, an officer-involved shooting occurred and the shots struck not only Decedent Puga but also Plaintiffs Botten, Sr., Dudek-Botten, and J.B. Both cases are being asserted against the same defendants for injuries that were sustained as a result of the February 17, 2021 officer-involved shooting. While the injuries are different and there will be some evidence that differs in supporting the liability and damages for both cases, the actions and mental processes of the CHP Officer Defendants and County Deputy Defendants are central to both matters and will result in significant overlap of testimony and facts. *See Torres*, 2004 WL 7336949, at *2 (consolidating a civil rights case and a products liability Taser case because the actions and mental processes of the officer were central to both matters and would result in significant overlap of testimony and facts).

      Additionally, both County Defendants and State Defendants contend that while both cases assert the same claims, the Botten Plaintiffs rely on a different theory of liability to support their claims and the defense to those claims will be different. While intent may play a role in the defense with regards to the Botten Plaintiffs' Fourth Amendment and Bane Act claims, it is not material to the Botten Plaintiffs' Fourteenth Amendment, battery, and negligence claims. Indeed, assuming arguendo that Defendants could show that the defendant officers did not intend to strike the Botten Plaintiffs when they discharged their guns, this would provide even greater support for consolidation as the Botten Plaintiffs' battery claim would essentially rest on the same theory of liability as the Puga Plaintiffs. *See Rodriguez v. City of Fresno*, 819 F. Supp. 2d 937, 953 (E.D. Cal. 2011) ("Under the doctrine of transferred intent, the viability of a claim of battery by a bystander against a police officer turns on the reasonability of the application of force by the police officer against the intended suspect."). There are more commonalities between this case and

*L.C., et al. v. State of California, et al.*, than there are differences, including that both cases arise out of the same incident, same nucleus of facts, and assert the same claims. Accordingly, consolidation of *Botten, et al. v. State of California, et al.* with *L.C., et al. v. State of California, et al.*, will not only save judicial resources and enhance court efficiency, but it will also avoid the substantial danger of inconsistent adjudications if these cases were tried separately. *See Torres*, 2004 WL 7336949, at *1 (citing *E.E.C.O. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

## II. ANY RISK OF PREJUDICE AND CONFUSION CAN BE ADEQUATELY ADDRESS THROUGH SPECIAL VERDICT FORMS AND JURY INSTRUCTIONS

Defendants further contend that consolidation, especially of trial in the two cases, would produce substantial prejudice to Defendants as they speculate that the jury will unlikely be able to separate the officers' conduct towards Decedent Puga and their conduct towards the Bottens and will result in juror confusion due to the different legal standards for the Puga Plaintiffs and Botten Plaintiffs' § 1983 claims. This contention is purely speculative and courts have routinely held that any risk of prejudice or confusion in consolidating multiple cases for trial can be adequately addressed through jury instructions, separate verdict forms, and the trial process. *See Blount*, 2019 WL 3943872, at *2-3, 4 (consolidating four cases into one for trial despite different medical backgrounds and different injuries suffered by different plaintiffs in part because "it is entirely possible to instruct the jury to treat each case separately" and any danger of confusion "can be sufficiently alleviated through jury instructions and the trial process."); *Burnett*, 2007 WL 4191991, at *5 ("the parties and the Court should be able to reduce confusion by properly structuring argument and instructing the jury."); *Torres*, 2004 WL 7336949, at *2 ("the risk of confusion can be handled through a verdict form and jury instructions."); *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74-75 (4th Cir. 2018) (noting that the district court's instruction to the jury "that the trial concerned four separate claims and informed them that they

must treat each as 'as if each have been tried by itself,'" to have sufficiently alleviated any prejudice or confusion); *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313–14 (11th Cir. 2017) (rejecting the contention that consolidation of four cases into one for trial caused prejudice and confusion because "most of the evidence went toward the common claims among the plaintiffs" and trial court's instruction that "[y]ou may not even consider the fact that there's more than one case being brought" to sufficiently have addressed any concerns of prejudice or confusion).

Accordingly, any potential risk of prejudice or confusion in trying these two cases together can be adequately addressed through jury instructions, separate verdict forms, and the structure of the trial.

## III. CONCLUSION

For the reasons discussed above, the Court grant this Motion to Consolidate and issue an order consolidating *See L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK and *Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK for all purposes, including trial.

DATED: March 21, 2024          LAW OFFICES OF DALE K. GALIPO

                               By          */s/ Hang D. Le*
                                  Dale K. Galipo
                                  Hang D, Le
                                  Attorneys for Plaintiffs