Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Anita K. Clarke (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 5:23-cv-00257-JGB-SHK<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly Kiya Kato– Courtroom #3*<br><br>**FIRST STIPULATION TO MODIFY SCHEDULING ORDER**<br><br>*Complaint filed: February 16, 2023* |

1
**FIRST STIPULATION TO MODIFY SCHEDULING ORDER**

Under Federal Rule of Civil Procedure 16(b)(4) and Local Rules 7-1 and 16-14, Plaintiffs Jonathan Wayne Botten Sr., Tanja Dudek-Botten, Annabelle Botten, and J.B., a minor by and through his guardian *ad litem* Jonathan Wayne Botten Sr. ("Plaintiffs") and Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava ("State Defendants"), County of San Bernardino, Robert Vaccari, and Jake Adams ("County Defendants") (collectively "Defendants"), stipulate for the purpose of jointly requesting that the honorable Court modify the Scheduling Order issued in this action. The parties seek to continue all the deadlines, including trial, by seven months to allow the parties time to complete fact and expert discovery, which in turn will affect the remaining deadlines.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment). Good cause exists to modify the Scheduling Order because, despite the parties' diligent efforts, they will be unable to complete discovery by the current deadline.

///

///

1. On February 16, 2023, Plaintiffs filed their Complaint. (Dkt. No. 1).

2. On June 8, 2023, Plaintiffs filed a First Amended Complaint, the operative complaint and the respective Defendants filed their Answers on September 12, 2023. (Dkt. Nos. 27, 52, and 53).

3. On December 21, 2023, the parties filed their Joint Rule 16(f) Report. (Dkt. No. 55).

4. On February 14, 2024, the instant case was deemed related to another case, 5:22-cv-00949-KK-SHK, <u>L.C., et al. v. State of California, et al.</u> ("Puga") and assigned from the Judge Jesus G. Bernal to Judge Kenly Kiya Kato. (Dkt. No. 58).

5. On February 28, 2024, the Court issued a Civil Trial Scheduling Order. (Dkt. No. 60).

6. On April 9, 2024, the Court ordered that the instant <u>Botten</u> matter and the related <u>Puga</u> matter be consolidated for the limited purpose of discovery. (Dkt. No. 69).  However, no dates and deadlines were changed in either case.

7. The parties continue to diligently conduct written discovery. The parties have propounded and responded to multiple written discovery requests. The parties had also previously agreed to schedule the depositions of Defendants Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, Robert Vaccari, and Jake Adams ("Defendant Officers") for February 2024.

8. On February 5, 2024, Defense Counsel for County Defendants were advised that the District Attorney's Office was still investigating the underlying incident and had not yet completed their review and therefore was not yet prepared to issue a public determination.  Because all individual defendants in this case were still pending resolution on the criminal matter, Defense counsels requested and Plaintiffs agreed, that it would be in the best interest of all parties to allow the DA to conclude its investigation and release its public issuing decision on the matter before

re-noticing the depositions of the defendant officers to preserve their Fifth Amendment rights.  We were advised to follow up in two months.

9. On April 29, 2024, Defense Counsel for County Defendants were advised by the DA's Office that the criminal investigation review and determination was being finalized for final review and that an issuing decision should be made public in approximately six weeks (mid-June 2024).

10. Without the depositions of the Defendant Officers, the parties' retained experts cannot provide full and complete opinions, such that the parties will not be prepared to disclose expert witnesses by the current deadline.

11. The State Defendants request that the deadline to complete mediation occur after dispositive motions are resolved.   State Defendants believe they have meritorious grounds to move for summary judgment and are unlikely to offer any substantial amount of money to resolve this matter before their intended dispositive motion is resolved. Requiring the parties to engage in mediation beforehand will be unproductive and a waste of time and resources. The State Defendants will be in a better position to engage in realistic and serious settlement discussions if this case survives summary judgment.

12. The parties agree that it is in the best interest of all parties to continue all case management dates to allow the parties additional time to complete discovery, conduct expert discovery, and adequately prepare for trial. The parties further agree that given Plaintiffs' previous efforts to secure dates for the depositions of the individual defendant officers, these depositions will proceed before any other witness or party depositions.

13. This Stipulation is the parties' first request to modify the Scheduling Order.

///

///

14. Accordingly, in light of the foregoing, the parties hereby stipulate that good cause exists, and jointly request that the Court modify the Scheduling Order as outlined below.[1]:

15. Alternatively, the parties request that the current discovery deadlines in the instant matter adjust to be aligned with the discovery deadlines in Puga. For example, in the instant Botten matter, the parties have a Fact Discovery Cut-Off in July and an Expert Discovery Cut-Off in September whereas in Puga, the parties have a single All Discovery Cut-Off in September. While the parties request a modification of all remaining deadlines, the parties request that at a minimum, the Botten discovery deadlines be modified to align with the discovery deadlines in Puga given the Court's recent consolidation order. (Dkt. No. 69).

| Case Management Event | Prior Date/Deadline | Proposed New Date/Deadline |
|---|---|---|
| Fact Discovery Cut-Off (including hearing of discovery motions) (Thursday) | July 11, 2024 | March 13, 2025 (All Discovery Cut-Off) |
| Deadline for Initial Designation of Expert Witnesses | July 25, 2024 (Puga July 29, 2024) | January 20, 2025 |
| Deadline for Designation of Rebuttal Expert Witnesses | August 22, 2024 (Puga August 26, 2024) | February 17, 2025 |
| Expert Discovery Cut-Off (including hearing of discovery motions) (Thursday) | September 19, 2024 (Puga September 9, 2024) | March 13, 2025 (All Discovery Cut-Off) |

---

[1] The deadlines have been modified to adhere to this Court's most recent Civil Standing Order, Order Setting Scheduling Conference, and Civil Trial Scheduling Order, issued on April 23, 2024. (Dkt. No. 70).

| | | |
|---|---|---|
| Dispositive Motion Hearing Cut-Off (Thursday) | October 24, 2024 | June 26, 2025 |
| Last Day to Conduct Settlement | October 24, 2024 | July 10, 2025 |
| Final Pretrial Conference (Thursday at 10:30 a.m.) (18 days before trial) | January 16, 2025 | September 11, 2025 |
| Jury Trial (Monday at 8:30 a.m.) | February 3, 2025 | September 29, 2025 |

**IT IS SO STIPULATED**.

DATED:  May 24, 2024         **LYNBERG & WATKINS**
                             A Professional Corporation


                             By:   */s/ Amy R. Margolies*
                             **SHANNON L. GUSTAFSON**
                             **AMY R. MARGOLIES**
                             **ANITA K. CLARKE**
                             Attorneys for Defendant,
                             COUNTY OF SAN BERNARDINO
                             ROBERT VACCARI, and JAKE ADAMS


DATED:  May 24, 2024         LAW OFFICES OF DALE K. GALIPO


                             By   */s/ Hang D. Le*
                             **Dale K. Galipo**
                             **Hang D. Le**
                             Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | DATED: May 24, 2024 | R<small>OB</small> B<small>ONTA</small><br>Attorney General of California<br>C<small>HRISTINE</small> E. G<small>ARSKE</small><br>Supervising Deputy Attorney General |
| 2 | | |
| 3 | | |
| 4 | | */s/ Diana Esquivel* |
| 5 | | D<small>IANA</small> E<small>SQUIVEL</small><br>Deputy Attorney General<br>*Attorneys for Defendants Blackwood, Kee, and Rubalcava* |
| 6 | | |
| 7 | | |

*The filer, Amy R. Margolies, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content, and have authorized.

DATED: May 24, 2024          **LYNBERG & WATKINS**
                              A Professional Corporation


                        By:  */s/ Amy R. Margolies*
                             **SHANNON L. GUSTAFSON**
                             **AMY R. MARGOLIES**
                             **ANITA K. CLARKE**
                             Attorneys for Defendant,
                             COUNTY OF SAN BERNARDINO
                             ROBERT VACCARI, and JAKE ADAMS

**FIRST STIPULATION TO MODIFY SCHEDULING ORDER**