UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-0257-KK-SHKx** | Date: | January 8, 2025 |
| Title: | *Jonathan W. Botten, Sr., et al. v. State of California, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Defendants' Ex Parte Application [Dkt. 78]**

On December 31, 2024, defendants Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, and the State of California ("Defendants") filed the instant Ex Parte Application ("Application") to extend the fact discovery cut-off to February 20, 2025.  Dkt. 78.  That same day, plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo ("L.C. Plaintiffs") and plaintiffs Jonathan Wayne Botten, Cr., Tanja Dudek-Botten, and J.B. ("Botten Plaintiffs") filed an Opposition.  Dkt. 79.  For the reasons set forth below, the Court **DENIES** Defendants' Application.

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Id. at 492.

Here, Defendants fail to establish they are without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

First, the parties have had ample time to conduct discovery in this case.  The Court notes that this case was filed nearly two years ago in February of 2023.  Dkt. 1.  On February 28, 2024, the Court issued a scheduling order setting a discovery cut-off of July 11, 2024.  Dkt. 60.  On June 18,

2024, the Court granted the parties' request to continue dates, dkt. 71, including the discovery date which was continued to January 2, 2025.  Dkt. 72.

Despite the length of time to conduct discovery, Defendants did not meet and confer regarding the issue of minor plaintiffs' depositions until November 26, 2024.  See dkt. 79 at 13.  Similarly, Defendants did not issue subpoenas for decedent Hector Puga's criminal records until December 4, 2024.  Dkt. 78 at 11.  Defendants also knew of the identity of Jessie Francis as early as November 25, 2024.  Dkt. 79 at 17.  Finally, to the extent Defendants claim additional time is needed for discovery regarding Jacob Gonzalez and the recently disclosed video, it is not clear that Defendants were diligent in serving the initial written discovery, nor is it clear that Defendants have been diligent in seeking discovery of Gonzalez's whereabouts.  Id. at 17-18; dkt. 78 at 6-8.

Ultimately, had Defendants acted diligently, they would have (1) known of the discovery issues well in advance of the discovery cut-off; and/or (2) been able to serve a regularly noticed motion.[1]

Accordingly, Defendants' Application is **DENIED**.

**IT IS SO ORDERED.**

---

[1] While the Court need not address the issue of prejudice, the Court further finds Defendants fail to establish irreparable prejudice.  Among other things, the minor plaintiffs' depositions would be cumulative and duplicative of discovery already produced.  Dkt. 79 at 20-22.  Similarly, Defendants will have an opportunity to depose health care providers, and subpoena records during the expert discovery phase.  Id. at 23.