# EXHIBIT M

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Anita K. Clarke (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO. 5:23-cv-00257-JGB-SHK <br><br> *Assigned for All Purposes to:* <br> *Hon. Jesus G. Bernal– Courtroom #1* <br><br> **DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND** <br><br> *Complaint filed: February 16, 2023* <br><br> *FAC filed: June 8, 2023* |

**COMES NOW**, Defendant County of San Bernardino, Robert Vaccari, and Jake Adam's (hereinafter "County Defendants") in answering Plaintiff JONATHAN WAYNE BOTTEN, SR., TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN, and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR., (hereinafter "Plaintiffs") First Amended Complaint ("FAC") on file herein, for itself alone and for no other Defendant, admit, deny, and allege as follows:

1
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

1. In answering paragraphs 1 and 2, Defendants admit Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.  Defendant denies the remainder of these paragraphs.

2. In answering paragraph 3, Defendants admit Plaintiffs JONATHAN WAYNE BOTTEN, SR., TANJA DUDEK-BOTTEN, AND J.B. are suing Defendants in this action.  Defendants deny the remainder of this paragraph.  Furthermore, Defendants deny Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

3. In answering paragraphs 4, 5, 6, 7, 8, 10, 16, 17, 22, 26, 32, 33, 34, 35, 46, 53, 62, 69, 71, 73, 77, 79, 90, and 95, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendants deny each and every allegation contained therein.

4. In answering paragraph 9 Defendants admit that the County of San Bernardino is a governmental entity in California and that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino.

5. In answering paragraph 11, Defendants admit ROBERT VACCARI and JAKE ADAMS were sworn peace officers employed by the San Bernardino County Sheriff's Department at the time of the incident.  Defendants deny the remainder of this paragraph.

6. In answering paragraphs 12, 13, 14, 15, 19, 91, and 93, Defendants do not have sufficient information or belief to enable them to answer said paragraph at this time as Plaintiff has not identified the DOES described therein and on that basis, Defendants deny each and every allegation contained therein.  Furthermore, Defendants deny Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

///

**2**
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

0219

7. In answering paragraphs 18, 20, 21, 23, 24, 27, 28, 29, 30, 31, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 55, 56, 57, 58, 59, 60, 61, 64, 65, 66, 67, 68, 72, 74, 75, 76, 78, 82, 83, 84, 85, 86, 87, 88, 89, 92, and 94, of the FAC, Defendants deny generally and specifically each and every allegation contained therein. Further, Defendants deny Decedent was injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

8. In answering paragraphs 25, 36, 47, 54, 63, 70, and 80, Defendants reiterate and incorporate by reference its answers to those paragraphs previously contained in this answer.

9. In answering paragraph 81, this allegation is a legal conclusion for which no response is required. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

10. As to Plaintiffs' "Prayer for Relief," Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further deny that Plaintiffs are entitled to any recovery.

**FIRST AFFIRMATIVE DEFENSE**

1. All County of San Bernardino employees referred to in Plaintiffs' First Amended Complaint acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

**SECOND AFFIRMATIVE DEFENSE**

2. Any injury or damage suffered by Plaintiffs was caused solely by reason of suspect Hector Puga's own wrongful acts and conduct and not by reason of any unlawful act or omission of these Defendants. Moreover, suspect Hector Puga failed

**3**
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

1 to act in compliance with the mandates of the California Penal Code, as well as other
2 laws, and this failure proximately caused and/or contributed to the injuries and
3 damages claimed by Plaintiffs in their First Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

5    3.    Plaintiffs willingly, voluntarily, and knowingly assumed each, every,
6 and all the risks and hazards involved in the activities referred to in the First Amended
7 Complaint.  These answering Defendants are not liable for injury or damages, if any
8 there were, because Plaintiffs were aware of the dangers and risks with respect to the
9 alleged actions, and did knowingly, and voluntarily, and freely assume and expose
10 themselves to said risks, which assumption of the risk caused and/or contributed to
11 the alleged damages sought by Plaintiffs herein, therefore barring Plaintiffs from
12 recovering any relief from these answering Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

14   4.    The damages allegedly sustained by Plaintiffs, which such damages are
15 generally and specifically denied to exist, were the result of the active and affirmative
16 negligent acts or omissions to act of independent third parties and/or entities whose
17 active and affirmative negligence and/or omissions to act resulted in superseding and
18 intervening causes of Plaintiffs' alleged damages, which thereby relieves these
19 responding Defendants from liability.  Any damages awarded in this action should
20 therefore be in direct proportion to the fault of these Defendants, if any, as provided
21 by California Civil Code §§1431 to 1431.5.

**FIFTH AFFIRMATIVE DEFENSE**

23   5.    This action is barred by the pertinent statute of limitations, including but
24 not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 340,
25 342, and/or California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2,
26 911.3, 911.4, 913, 913.2, 945.4, 945.6 and/or 950.2.
27 ///

4
DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND
JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
JURY TRIAL DEMAND

**SIXTH AFFIRMATIVE DEFENSE**

6.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Civil Code § 3526.

**SEVENTH AFFIRMATIVE DEFENSE**

7.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 815.

**EIGHTH AFFIRMATIVE DEFENSE**

8.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 815.2.

**NINTH AFFIRMATIVE DEFENSE**

9.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 815.6.

**TENTH AFFIRMATIVE DEFENSE**

10.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 818.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 818.2.

**TWELFTH AFFIRMATIVE DEFENSE**

12.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 818.8.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 820.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 820.2.

5
DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND

0222

## FIFTHTEENTH AFFIRMATIVE DEFENSE

15. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 820.4.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 820.6.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 820.8.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 821.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 821.6.

## TWENTITH AFFIRMATIVE DEFENSE

20. Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code § 835a.

## TWENTY FIRTH AFFIRMATIVE DEFENSE

21. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 844.6.

## TWENTY SECOND AFFIRMATIVE DEFENSE

22. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 845.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 845.6.

6
DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND

0223

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 845.8.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 855.6.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 855.8.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code § 856.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.   Defendants allege that Plaintiffs' claims are barred by the provisions of California Penal Code, §§ 196, 197, 198.5, 417, 692, 835a, 836.5, subd. (b).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.   Plaintiffs' suit is barred by the doctrine of unclean hands.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.   The force used on suspect Hector Puga, was objectively reasonable under the circumstances and therefore there can be no liability for the injuries claimed by Plaintiffs here. See, Brown v. Ransweiler, 171 Cal.App.4th 516, 527; 89 Cal.Rptr.3d 801, 811 (2009).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.   The force used on suspect Hector Puga was privileged in that it was used to effect his detention and/or arrest, to prevent his escape, to overcome his resistance and/or in self-defense or the defense of others. Peace officers need not retreat or desist their law enforcement efforts by reason of suspect Hector Puga's resistance or

7
DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND

0224

threatened resistance.  Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect detention and/or arrest, or to prevent escape or to overcome resistance.  Because the actions of the San Bernardino Sheriff's employees were reasonable as to Puga there can be no liability for the injuries claimed by Plaintiffs.  See, Brown v. Ransweiler, 171 Cal.App.4th 516, 527; 89 Cal.Rptr.3d 801, 811 (2009).

### THIRTY SECOND AFFIRMATIVE DEFENSE

32.     At the time of the incident referred to in Plaintiffs' First Amended Complaint, Plaintiffs were negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; Plaintiffs' negligence or fault must be compared with the negligence or fault of these Defendants, as well as that of any other Co-Defendant, person, and parties, and that any award to Plaintiffs must be reduced by the amount of Plaintiffs' negligence or fault that contributed to their injuries and damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred because Defendants are entitled to rely on reports by citizens, dispatch and other law enforcement officers.  See, United States v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); Motley v. Parks, 383 F.3d 1058, 1068 (9th Cir. 2004); Whiteley v. Warden, 401 U.S. 560, 568 (1971); Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Reasonable suspicion and/or probable cause existed for the detention and/or arrest of suspect Hector Puga at all times pertinent to this action and therefor the actions of the Sheriff's Department employees were reasonable barring any liability for Plaintiffs' claims.

///

///

**8**
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiffs failed and refused and Plaintiffs failed, to exercise a reasonable effort to mitigate damages, and therefore Plaintiffs are barred from seeking recovery of those damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Defendants allege that Plaintiffs received "collateral source payments" as set forth in California Government Code §985 and that the verdict, if any, must be reduced accordingly.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiffs fail to state a cause of action against these Defendants for punitive damages in that punitive damages violate Defendant's due process of law rights and/or the provisions of Government Code §818.

### THIRTY-EIGTH AFFIRMATIVE DEFENSE

38. These answering Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiffs, or any duties owed to Plaintiffs.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. These answering Defendants have never taken any action with a conscious disregard of Plaintiffs' rights and have not engaged in any conduct with respect to Plaintiffs which would constitute deliberate or intentional conduct, nor have these answering Defendants ratified or approved any such act or acts of others.

### FORTIETH AFFIRMATIVE DEFENSE

40. Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

///

///

9
DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND

0226

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. This action is barred by statutory and/or common law immunity principles.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. The actions by the employees of the County of San Bernardino were not a substantial factor in the harm alleged by Plaintiffs.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Even if these answering Defendants are determined to have been negligent, it is not liable for Plaintiffs because the negligence of other Defendants was the cause of Plaintiff's injuries under the doctrine of alternative causation.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. The allegations in Plaintiffs' First Amended Complaint, impermissibly varies from their Tort Claim.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by the qualified immunity doctrine.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47. The present action is not brought or maintained in good faith, and these Defendants consequently pray for an award of all reasonable defense costs, including attorneys' fees.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48. Because Plaintiffs' First Amended Complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert

///

**10**
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

0227

additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their First Amended Complaint and that Defendants herein recover their attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

DATED: September 12, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By:  */s/ Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS

11
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**

0228

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendants hereby demand trial by jury in the above-entitled matter.

DATED: September 12, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS

**12**
**DEFENDANT COUNTY OF SAN BERNARDINO, ROBERT VACCARI AND JAKE ADAM'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND**