# EXHIBIT N

| From: | Hang Le |
|---|---|
| To: | Anita K. Clarke |
| Subject: | RE: Botten Follow-up Meet and Confer |
| Date: | Monday, January 27, 2025 11:00:34 AM |
| Attachments: | image001.jpg |

CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Good morning Anita,

I've spoken to Dale further about County Defendants' contemplated MSJ for the Botten case. After further consideration regarding the evidence, we are willing to dismiss (1) the excessive force claim, (2) the substantive due process claim, (3) the battery claim, and (4) the Bane Act claim.

However, we disagree with County Defendants' position that there is no evidence to support Plaintiffs' negligence and NIED claims and believe in good faith that there is evidence to support those two claims. All persons are required to use ordinary care to prevent others from being injured as a result of their conduct and police officers are not exempt from this general rule. A duty may be based on the "general character" of the activity engaged in by the defendant. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803 (1979). Here, we believe there is substantial evidence that shows that Sergeant Vaccari and Deputy Adams had a duty to ensure the safety all of uninvolved bystanders in dealing with a high-risk, barricaded subject situation and they breached that duty when they failed to follow specific training on dealing with barricaded subjects in order to ensure the safety of everyone, including uninvolved individuals. This negligent conduct was a proximate cause of the Bottens' harm, that is, it was a substantial factor in bringing about the Bottens' harm. Since Plaintiff Annabelle Botten's NIED claim is an offshoot of the Bottens' negligence claim, and it is undisputed that Annabelle is a close family member who resided with the injured parties and who witnessed the event that caused injury to her family, we believed there is also substantial evidence to support Annabelle Botten's NIED claim.

Please advise as to how you would like to proceed regarding our position above.

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the

0231

recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Anita K. Clarke <aclarke@lynberg.com>
**Sent:** Friday, January 24, 2025 2:56 PM
**To:** Hang Le <hlee@galipolaw.com>; 'Dale K. Galipo' <dalekgalipo@yahoo.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; diana.esquivel@doj.ca.gov
**Subject:** RE: Botten Follow-up Meet and Confer

Thanks for getting back to me, Hang.

Regards,

## ANITA K. CLARKE-VALENCIA, ESQ.
Off: (714) 937-1010          Fax: (714) 937-1003



1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com          www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Friday, January 24, 2025 2:55 PM
**To:** Anita K. Clarke <aclarke@lynberg.com>; 'Dale K. Galipo' <dalekgalipo@yahoo.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; diana.esquivel@doj.ca.gov
**Subject:** RE: Botten Follow-up Meet and Confer

CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Hi Anita,

I have not been able to meet with Dale today about this matter but will be meeting with him

about it on Monday.

Best,
Hang


**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Anita K. Clarke <aclarke@lynberg.com>
**Sent:** Friday, January 24, 2025 2:53 PM
**To:** Hang Le <hlee@galipolaw.com>; 'Dale K. Galipo' <dalekgalipo@yahoo.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; diana.esquivel@doj.ca.gov
**Subject:** RE: Botten Follow-up Meet and Confer

Hello Hang,

Following up - we haven't heard back from you regarding the below. I believe you were going to try to meet with Mr. Galipo today.

Thanks,


ANITA K. CLARKE-VALENCIA, ESQ.
Off: (714) 937-1010          Fax: (714) 937-1003



1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com                    www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** Anita K. Clarke
**Sent:** Wednesday, January 22, 2025 1:13 PM
**To:** Hang Le <hlee@galipolaw.com>; 'Dale K. Galipo' <dalekgalipo@yahoo.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>;
diana.esquivel@doj.ca.gov
**Subject:** Botten Follow-up Meet and Confer

Hello Hang,

Thanks for meeting with me today as required by Local Rule 7-3 prior to the filing of County
Defendants Motion for Summary Judgment in the Botten matter.

As expressed during this meeting, we are concerned that the case against Deputy Adams and
Deputy Vaccari appears to be moving forward without any evidence against either that they
***caused*** the injuries as alleged by the Botten family. There is no evidence Vaccari discharged
his firearm.  As for Deputy Adams, Plaintiff has no admissible evidence he pointed his gun in
the direction of the Botten house or that the bullets from Deputy Adams made contact with the
Bottens in any way. Mere speculation without evidence does not defeat Summary Judgment.

The Bottens have all testified that they were inside of their home somewhere near the entry
way where the front door is located.  The video evidence is clear that Deputy Adams gun was
never pointed in the direction of the Botten house, let alone toward that door.  Further, expert
disclosures are due next week.  We will be providing you with our disclosures including
evidence from a ballistics expert, that will be included with our Motion for Summary Judgment
that the bullets fired by Deputy Adams can be excluded as the source of the injuries to the
Bottens, based not only on their trajectory as should be readily apparent on the video, but also
based on the type of ammunition he was using and the injuries sustained.  We can only
presume that Plaintiff does not have any similar expert testimony that confirms the Botten
injuries were caused by Deputy Adams, as none was offered during our meet and confer and
the purpose of a meet and confer is to resolve such issues without Court intervention.

As for the Integral Participant doctrine and qualified immunity, I understand you are relying
partially on *Peck v. Montoya* and did not cite any other authority during our meeting. I reviewed
*Peck* and it  bears no similarity to the Botten case, as there were no injuries to bystanders at
issue in *Peck*.  Given the complete lack of similarity, there is nothing in the Peck case that
would have placed Deputy Adams or Vaccari on notice that their actions vis a vis the Botten's
was unconstitutional.

The deputies in *Peck* were not entitled to qualified immunity because there was a triable issue
whether decedent was armed and/or arming himself, and there was clearly established law
that if he was not arming himself then the deputies would not be entitled to qualified
immunity. This is a much different situation than posed by the Botten case and I do not know

0234

of any clearly established law that would hold Adams and Vaccari liable under an integral participant theory or otherwise nor have you provided any.

Do you have any other cases that support your position that Adams and Vaccari are not entitled to qualified immunity in the Botten matter, for us to consider before proceeding with our Motion for Summary Judgment?

As for your Negligence and Negligent Infliction of Emotional Distress claims against Vaccari and Adams, my understanding is that Plaintiffs believe even if Adams' bullets did not make contact with the Bottens, they should still be liable simply because they were there and it was foreseeable the Bottens would have been injured or at least that is the position you conveyed during the meet and confer. Again, I don't know of any case law that creates a general duty for a deputy to protect the community at large from another law enforcement officer's use of force or from his own force on the speculative theory that it may have caused injury, but did not actually do so. I am sure you are aware even setting aside the complete lack of any case law supporting duty, Negligence requires that Defendants actually cause harm. For all the reasons already set forth Deputy Adams and/or Vaccari did not cause the harm to the Bottens.

Based on the foregoing and for all the reasons set forth in our meet and confer correspondence and during our meeting today, we believe Plaintiff's continued insistence on pursuing Sgt. Vaccari and Deputy Adams in the Botten matter, borders on frivolous. Should we be forced to file our Motion for Summary Judgment to garner dismissal of our clients, we will consider seeking attorneys' fees under Rule 11 and/or 42 U.S.C. 1988 for what the discovery and evidence have now shown is not a viable case by the Bottens against the County Defendants.

I understand you will be meeting further with Dale to discuss these issues. In the event that Plaintiff is willing to dismiss any or all of the claims against Sergeant Vaccari and/or Deputy Adams please advise immediately so that we can prepare the necessary dismissal of these claims and avoid wasting the Court's time on these issues.

Regards,

ANITA K. CLARKE-VALENCIA, ESQ.
Off: (714) 937-1010                    Fax: (714) 937-1003



1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com              www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work

product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.