**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
JONATHAN WAYNE BOTTEN, SR.,
TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN,
AND J.B.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00257-KK-SHK<br><br>[Consolidated for purposes of discovery with *Botten, et al. v. State of California, et al.*, Case No. 5:23-cv-00257-KK-SHK]<br><br>*Honorable Kenly Kiya Kato*<br>*Mag. Judge Shashi H. Kewalramani*<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, CURRENTLY DUE FEBRUARY 27, 2025, THAT EXCEEDS THE WORD COUNT LIMIT PURSUANT TO LOCAL RULE 11-6.1** |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, Annabelle Botten, and J.B., a minor by and through his guardian *ad litem* Jonathan Wayne Botten, Sr. ("Plaintiffs") hereby move by way of this Ex Parte Application for a leave to file a Consolidated Opposition to County Defendants' Motion for Summary Judgment, or in the Alternative Summary Adjudication (Doc. No. 84) and State Defendants' Motion for Summary Judgment (Doc. Nos. 86, 87) that exceeds the 7,000 word count limit under Local Rule 11-6.1. Plaintiffs seek to file an outsize consolidated brief of no more than **12,000** words.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this Ex Parte Application, Plaintiffs' counsel contacted Defendants State of California, by and through the California Highway Patrol, Michael Blackwood, Isaiah Kee, Bernardo Rubalcava's ("State Defendants") counsel and County of San Bernardino, Robert Vaccari, and Jake Adams' ("County Defendants") counsel in compliance with Local Rule 7-19 through 7-19.1. State Defendants and County Defendants' counsel are:

ROB BONTA, Attorney General of California
CHRISTINE E. GARSKE, Supervising Deputy Attorney General
DIANA ESQUIVEL, Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Facsimile: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov

*Attorneys for Defendants State of California, by and through the California Highway Patrol, Blackwood, Kee, and Rubalcava*

//
//

Shannon L. Gustafson, Esq.
Amy R. Margolies, Esq.
LYNBERG & WATKINS
1100 Town & Country Road, Ste. 1450
Orange, CA 92868
Fax: (714) 937-1003
Email: sgustafson@lynberg.com; amargolies@lynberg.com

***Attorneys for Defendant County of San Bernardino, Adams, and Vaccari***

(Declaration of Hang D. Le ("Le Decl.") ¶ 2). State Defendants have indicated that they do not oppose Plaintiffs' Ex Parte Application. County Defendants have indicated that they intend to oppose this Ex Parte Application. (*Id.*). Plaintiffs seek relief *ex parte* because the deadline for Plaintiffs to file their oppositions to State Defendants' Motion for Summary Judgment and County Defendants' Motion for Summary Judgment, February 27, 2025, will pass before the underlying motion may be heard according to regularly-noticed motion procedures.

DATED: February 20, 2025         LAW OFFICES OF DALE K. GALIPO


                                 By_____*/s/ Hang D. Le*_____
                                    Dale K. Galipo
                                    Hang D, Le
                                    Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the early morning hours of February 17, 2021, near the area of Peach Avenue and Catalpa Street in Hesperia, California, Defendants California High Patrol Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava ("Officer Defendants") and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams ("Deputy Defendants") used excessive force and were negligent in their conduct when detained Hector Puga and ultimately discharged their firearms at Mr. Puga and in the direction of the Botten Residence, killing Mr. Puga and seriously injuring Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, and J.B.

Plaintiffs Wayne Botten, Sr., Tanja Dudek-Botten, J.B., and Annabelle Botten ("Plaintiffs") filed this action on February 16, 2023, against Defendants State of California and Officer Defendants (together "State Defendants"), County of San Bernardino and Deputy Defendants (together "County Defendants") (collectively "Defendants"), alleging federal claims of excessive force under the Fourth Amendment and violation of substantive due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and state law claims of battery, negligence, negligent infliction of emotional distress, and violation of the Bane Act.[1]

On January 30, 2025, County Defendants filed their Notice of Motion and Motion for Summary Judgment, or in the Alternative Summary Adjudication ("County Defendants' MSJ"). The hearing for County Defendants' MSJ is set for March 20, 2025. (Doc. No. 84). In County Defendants' MSJ, County Defendants argue that Plaintiffs do not have sufficient evidence to support their negligence and

---

[1] Prior to Defendants' filing of their respective Motions for Summary Judgments, the parties met and conferred about the issues in Defendants' respective Motions. Plaintiffs agreed to dismiss Plaintiffs' Fourth Amendment excessive force claim, Fourteenth Amendment substantive due process claim, battery claim, and Bane Act claims against Defendants Jake Adams, Robert Vaccari, and Michael Blackwood.

negligent infliction of emotional distress claims, that the Deputy Defendants did not owe a duty to the Bottens, that the actions of the Officer Defendants were a superseding cause of the Bottens' injuries, that the California discretionary immunity applies to Plaintiffs' negligence and NIED claims, and that Plaintiffs failed to substantially comply with the Government Tort Claims act with regards to Plaintiffs' Negligence and NIED claims. (*See* Doc. No. 84).

On January 30, 2025, State Defendants filed their Notice of Motion and Motion for Summary Judgment ("State Defendants' MSJ"). (Doc. No. 86). Later that day, State Defendants filed their Memorandum of Points and Authorities in support of their Motion. The hearing for State Defendants' MSJ is set for March 20, 2025. (Doc. No. 87). State Defendants' MSJ argues that there was no seizure under the Fourth Amendment, that Kee and Rubalcava did not use excessive force, that Plaintiffs do not have a viable Fourteenth Amendment claim, that Plaintiffs' battery claim fails because the officers' use of force was reasonable, that the officers were not negligent, that Kee and Rubalcava are entitled to qualified immunity, and that Officer Defendants are immune from state law liability because their use of force was privileged. (*See* Doc. Nos. 86, 87).

Pursuant to Local Rule 7-9, Plaintiffs' Oppositions to County Defendants' MSJ and State Defendants' MSJ is due February 27, 2025, 21 days before the March 20, 2025 hearing. On February 18, 2025, Plaintiffs' counsel e-mailed County Defendants' counsel and State Defendants' counsel requesting a stipulation for leave to allow Plaintiffs to file a Consolidated Opposition with a word count limit of 14,000 words. (Le Decl., ¶ 3). State Defendants' counsel indicated that State Defendants were agreeable to the proposed stipulation. (*Id.*). County Defendants' counsel indicated that County Defendants would only be agreeable to a Consolidated Opposition of a word count limit of 10,000 words or a higher word count limit in exchange for a reciprocal increase to the word count limit for County Defendants' Reply. (*Id.*). Plaintiffs' counsel replied indicating that Plaintiffs' counsel could not foresee the Consolidated

Opposition being under 10,000 words, given the many separate and distinct arguments made by County Defendants and State Defendants and thus proposed a compromise of 12,000 words for Plaintiffs' Consolidated Opposition. (*Id.*). County Defendants' counsel replied and indicated that County Defendants would be willing to agree to a 12,000-word count limit for Plaintiffs' Consolidated Opposition only if Plaintiffs agreed to allow County Defendants a 10,000-word count limit for their Reply. (*Id.*). Given that County Defendants lacked good cause for an increase in their word count limit for their Reply, Plaintiffs declined and now bring this Ex Parte Application.

## II.  EX PARTE BASIS FOR RELIEF

The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief).

Here, Plaintiffs' ability to litigate this case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures because the deadline for Plaintiffs to file their opposition(s) to County Defendants' MSJ and State Defendants' MSJ is February 27, 2025. Additionally, Plaintiffs are without fault in causing this *ex parte* crisis as Plaintiffs did not know in advance the number of distinct arguments between State Defendants and County Defendants would make in their respective MSJs and the standard motion briefing schedule requires that any opposition be filed 21 days before the scheduled hearing and thus, Plaintiffs could not have brought a regularly-noticed motion to seek leave to file a Consolidated Opposition that exceeds the 7,000 word limit under LR 11-6.1

### III. GOOD CAUSE EXISTS FOR LEAVE TO ALLOW PLAINTIFFS TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT THAT EXCEED THE LR 11-6.1 WORD COUNT LIMIT

Under the Local Rules, Plaintiffs are entitled to file two separate Oppositions to each respective Motion for Summary Judgment. Under Local Rule 11-6.1, each Opposition brief must not exceed 7,000 words. Thus, Plaintiffs would be entitled to a total word count of 14,000 between the two Oppositions. However, because County Defendants' MSJ and State Defendants' MSJ both arise out of the same incident and address claims that arise out of the same nucleus of facts, Plaintiffs contend that it would be more efficient for Plaintiffs to file a Consolidated Opposition to both Motions for Summary Judgment. Plaintiffs will be relying on the same set of facts for both Oppositions and similar arguments for Plaintiffs' negligence and NIED claims.

However, because County Defendants and State Defendants also bring separate and distinct arguments in their respective MSJs, there is a foreseeable need for Plaintiffs to exceed the 7,000-word count in their Consolidated Opposition. Plaintiffs' Consolidated Opposition must address State Defendants' arguments regarding whether the Bottens were seized under the Fourth Amendment, whether Sergeant Kee and Officer Rubalcava used excessive force, whether Sergeant Kee and Officer Rubalcava violated Plaintiffs' Fourteenth Amendment substantive due process right, whether Sergeant Kee and Officer Rubalcava committed a battery against Plaintiffs, whether Sergeant Kee and Officer Rubalcava are entitled to qualified immunity, and whether the Officer Defendants are immune from state law liability because their conduct and use of force was privileged under California Penal Code, sections 835a and 196. Plaintiffs must also address County Defendants' arguments regarding the sufficiency of Plaintiffs' evidence, whether the County Deputies' conduct was a proximate cause of Plaintiffs' injuries, whether the California discretionary immunity applies, and whether Plaintiffs substantially complied with the Government Tort Claims act with respect to Plaintiffs' negligence and NIED claim. Thus, in order to

1  file a Consolidated Opposition that sufficiently addresses the overlapping facts and
2  Defendants' general negligence argument while also addressing the numerous
3  separate and distinct argument made by County Defendants and State Defendants,
4  Plaintiffs contend that there is good cause for leave to allow Plaintiffs to file a
5  Consolidated Complaint to Defendants' Motions for Summary Judgment with a word
6  count that does not exceed **12,000** words, including headings, footnotes, and
7  quotations but excluding the caption, the table of contents, the table of authorities, the
8  signature block, the certification required by L.R. 11-6.2, and any indices and
9  exhibits.

10  It is anticipated that County Defendants will argue that County Defendants
11  should receive a reciprocal increase in their word count limit. However, County
12  Defendants lack good cause for a word count increase for their Reply. First, County
13  Defendants were willing to grant Plaintiffs a word count limit of 10,000 words but
14  when Plaintiffs sought an additional *2,000* words, County Defendants countered with
15  an additional *3,000* words for County Defendants' Reply, with no reason for the
16  increase. Second, Plaintiffs' request for an increase in the word count limit is based
17  on the fact that Plaintiff is addressing two separate Motions for Summary Judgment in
18  Plaintiffs' Consolidated Opposition, and that much of the legal arguments made by
19  County Defendants and State Defendants do not overlap. Thus, Plaintiffs require an
20  increase in the word count to address the numerous legal arguments between the two
21  Motions. County Defendants do not have to address the legal arguments Plaintiffs
22  make in response to State Defendants' arguments. In fact, while Plaintiffs maintain
23  five separate causes of actions, only two—negligence and NIED—apply to County
24  Defendants.

25  Accordingly, there is good cause for leave to allow Plaintiffs to file a
26  Consolidated Opposition to Defendants' Motions for Summary Judgment with a word
27  count limit increase of **12,000** words, including headings, footnotes, and quotations
28  but excluding the caption, the table of contents, the table of authorities, the signature

5

PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MSJ THAT EXCEEDS THE LR 11-6.1 WORD COUNT LIMIT

block, the certification required by L.R. 11-6.2, and any indices and exhibits, without granting any reciprocal increase to the word count limit for County Defendants' Reply.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a Consolidated Opposition to Defendants' Motions for Summary Judgment with a word count limit of no more than **12,000** words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits.

DATED: February 20, 2025            LAW OFFICES OF DALE K. GALIPO

                                    By _____/s/ Hang D. Le_____
                                       Dale K. Galipo
                                       Hang D. Le
                                       Attorneys for Plaintiffs

6

PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSITION TO DEFENDANTS' MSJ THAT EXCEEDS THE LR 11-6.1 WORD COUNT LIMIT