Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Anita K. Clarke (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO. 5:23-cv-00257-KK-(SHKx) <br><br> *Assigned for All Purposes to:* <br> Hon. Kenly Kiya Kato– Courtroom #3 <br><br> **COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION** <br><br> *[Concurrently Filed with Objections to Plaintiffs' Evidence]* <br><br> Date: March 20, 2025 <br> Time: 9:30 a.m. <br> Courtroom: 3 <br><br> *Trial:  July 28, 2025* <br><br> *Complaint filed:  02/16/23* <br> *FAC filed:  06/08/23* |

1

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................6

II. PLAINTIFFS FAILED TO ADDRESS THE CHP DEFENDANTS WERE THE SUPERSEDING CAUSE OF THEIR INJURIES .......................6

III. COUNTY DEFENDANTS MET THEIR BURDEN ON SUMMARY JUDGMENT AND THERE IS NO TRIABLE ISSUE OF MATERIAL FACT ..........................................................................................................8

IV. PLAINTIFFS MAY NOT MAINTAIN THEIR NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS ..........8

    A. No Duty ...............................................................................................8

    B. Rowland Factors are Not Met to Impose a Duty ................................10

    C. County Defendants were Not the Proximate Cause of the Botten's Injuries ................................................................................14

V. COUNTY DEFENDANTS ARE ENTITLED TO STATUTORY IMMUNITY ................................................................................................15

VI. PLAINTIFFS DID NOT SUBSTANTIALLY COMPLY WITH THE TORT CLAIMS ACT .................................................................................15

VII. PLAINTIFFS' NEGLIGENT TACTICS THEORIES ARE PURELY SPECULATIVE ..........................................................................................17

VIII. CONCLUSION ..........................................................................................18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................ 8

*Bastian v. Cnty. of San Luis Obispo*,
   199 Cal. App. 3d 520 (Ct. App. 1988) ........................................... 9, 10, 13

*Bigbee v. Pacific Tel. & Tel. Co.*,
   34 Cal.3d 49 (1983) ........................................................................................ 7

*Brown v. Ransweiler*,
   171 Cal. App. 4th 516 (2009) ....................................................................... 17

*Brown v. USA Taekwondo*,
   11 Cal. 5th 204 (2021) ............................................................................. 6, 11

*Dixon v. City of Livermore*,
   127 Cal.App.4th 32 (2005) .......................................................................... 16

*Fall River Joint Unified School Dist. v. Superior Court*,
   206 Cal.App.3d 431 (1988) ......................................................................... 16

*Green v. City of Livermore,*
   117 Cal. App. 3d 82 (1981) ......................................................................... 12

*Lessin v. Fort Motor Company*,
   2024 WL 4713898 (S.D. Cal. Nov. 7, 2024) .............................................. 7

*Lopez v. City of Los Angeles,*
   196 Cal.App.4th 675 (2011) ........................................................................ 15

*Lopez v. City of San Diego*,
   190 Cal. App. 3d 678 (1987) ........................................................................ 9

*Martinz v. Vintage Petroleum Inc.,*
   68 Cal. App. 4th 695 (1998) ......................................................................... 7

*Munoz v. City of Union City*,
   120 Cal. App 4th, 1077 (2004) ................................................................. 15

*Nelson v. Pima Community College,*
   83 F.3d 1075 (9th Cir.1996) ..................................................................... 17

*Novalk, LLC v. Kinsale Ins. Co.*,
   2021 WL 4134741 (S.D. Cal. Sep. 10, 2021) ............................................. 7

*Ortiz v. Lopez,*
   688 F. Supp. 2d 1072 (E.D. Cal. 2010) .................................................... 16

*Pacific Dawn LLC v. Pritzker*,
   831 F.3d 1166.n.7 (9th Cir.2016) ............................................................... 7

*Page v. MiraCosta Community College Dist.*,
   180 Cal.App.4th 471 (2009) ..................................................................... 16

*Rose v. Cnty of Plumas* 152 Cal. App. 3d 999 (1984) ...................................... 12, 13

*Rowland v. Christian*,
   69 Cal.2d 108 (1968) ............................................................................... 13

*Safeco Ins. Co. of Am. v. Air Vent, Inc.*,
   616 F. Supp. 3d 1079 (D. Nev. 2022) ........................................................ 6

*Staats v. Vintner's Golf Club, LLC*,
   25 Cal. App. 5th 826 (2018) ..................................................................... 11

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.*,
   809 F.2d 626 (9th Cir. 1987) ..................................................................... 8

*Westcon Construction Corp. v. Cnty. of Sacramento*,
   152 Cal.App.4th 183 (2007) ..................................................................... 16

*Williams v. State of California*,
   34 Cal.3d 18, 23 (1983) ............................................................................. 9

*Zelig v. Cnty. of Los Angeles*,
   27 Cal.4th 1112 (2002) .............................................................................. 9

Codes

Cal. Gov. Code § 815.2(b) .................................................................................. 15

4

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

Cal. Gov. Code § 820.2 ............................................................................................. 15

Cal. Gov. Code § 815.2(a) ........................................................................................... 8

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiffs have conceded as they must, **_no_** ammunition of any kind fired by Defendants Vaccari and/or Adams directly **_caused_** any injuries to the Botten family.[1] (UMF 54, 57, 90, 91-94, 102-103, 109). Yet, Plaintiffs persist in asserting their Negligence and Negligent Infliction of Emotional Distress claims against the County Defendants based solely on the theory that if either Adams or Vaccari made any tactical errors during their encounter with Puga, they are somehow responsible for any and all injuries incurred by third parties arising out of the actions of all other law enforcement officers on scene, and by extension the County also becomes liable for the actions of another entity's employees. Tellingly, Plaintiffs have offered no case law to support this novel theory nor does public policy warrant such a far reaching extension of duty. *See, Brown v. USA Taekwondo,* 11 Cal. 5th 204, 209 (2021) (courts must "determine whether relevant policy considerations counsel limiting that duty."). Further, as detailed more fully below, Plaintiffs' opposition wholly ignores several of the County Defendants' arguments, any one of which is dispositive of this matter. *See, Safeco Ins. Co. of Am. v. Air Vent, Inc.,* 616 F. Supp. 3d 1079, 1084 (D. Nev. 2022) ("The movant need only defeat one element of a claim to garner summary judgment).

## II. PLAINTIFFS FAILED TO ADDRESS THE CHP DEFENDANTS WERE THE SUPERSEDING CAUSE OF THEIR INJURIES

As set forth in County Defendants moving papers, regardless of any alleged tactical negligence by Vaccari and/or Adams, the actions of the CHP Defendants in shooting toward the Botten house was a superseding cause thereby removing any

---

[1] UMF-109 – The 9mm pistol bullets fired by Deputy Adams can be excluded as the source of the Botten family injuries - UNDISPUTED
UMF-103 – Sergeant Vaccari did not discharge his firearm - UNDISPUTED

6
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

liability as to County Defendants. *See, Martinz v. Vintage Petroleum Inc.,* 68 Cal. App. 4th 695, 700-701 (1998) ("Intervening negligence cuts off liability, and becomes known as the superseding cause, if "it is determined that the intervening cause was not foreseeable and the results which it caused were not foreseeable . . .'").

Nowhere in Plaintiffs' opposition do they even bother to address, let alone refute the issue of CHP being a superseding cause of the Botten's injuries when they failed to clear their background before shooting as they were admittedly trained to do. "Ordinarily, foreseeability is a question of fact for the jury. It may be decided as a question of law only if, 'under the undisputed facts there is no room for a reasonable difference of opinion.'" *Bigbee v. Pacific Tel. & Tel. Co.,* 34 Cal.3d 49, 55–56 (1983). Here, there are such undisputed facts as there can be no question that the County Defendants' bullets did not make contact with the Plaintiffs (UMF 53, 103, 109), and therefore it was the CHP officers who physically injured the Plaintiffs (UMF 77-79, 91-92, 104, 107-108, 112, 116; Opp. 29:11-14).

Further, even Plaintiffs concur it is well known that officers are trained to clear their background before shooting. (Opp. 29:28-30:2 – "officers are trained to be aware of their background when using deadly force to avoid injury to innocent bystanders"). Thus, Defendants Vaccari and Adams had every right to expect that the other officers on scene would utilize this training and not shoot without clearing their background. Stated otherwise, it was not foreseeable that the CHP Defendants would shoot in a manner that endangered the Bottens.

Because a superseding cause entirely absolves County Defendants of liability and Plaintiffs entirely failed to address this argument by the County Defendants, the Court should dismiss Plaintiffs' claims against the County Defendants and treat any argument the CHP Defendants were not the superseding cause as waived. *Lessin v. Fort Motor Company*, 2024 WL 4713898 *4 (S.D. Cal. Nov. 7, 2024) citing *Novalk, LLC v. Kinsale Ins. Co.*, 2021 WL 4134741, *2 (S.D. Cal. Sep. 10, 2021); *Pacific

*Dawn LLC v. Pritzker*, 831 F.3d 1166, n. 7 (9th Cir. 2016).

## III. COUNTY DEFENDANTS MET THEIR BURDEN ON SUMMARY JUDGMENT AND THERE IS NO TRIABLE ISSUE OF MATERIAL FACT

While Plaintiffs have lodged numerous objections and engaged in trivial disputes regarding the verbiage used by Defendants to explain to the Court how the County Defendants came into contact with decedent Puga, none of these "disputes" are **material** to the claims made by the Bottens against the County Defendants. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *see also*, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.").

What is material is that the physical injuries sustained by the Bottens were undisputedly **not** inflicted by either Defendant Vaccari or Adams[2]. (UMF 54, 57, 90, 91-94, 102-103, 109). Thus, the only question that remains is should the County Defendants be held responsible for the injuries unintentionally inflicted by the CHP Defendants if it is determined that the County Defendants employed any negligent tactics when confronting Puga, in the absence of any controlling authority warranting such liability. County Defendants submit through their briefing in this matter that the answer is clearly no.

## IV. PLAINTIFFS MAY NOT MAINTAIN THEIR NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS

**A. No Duty**

Plaintiffs have not cited any case law that the County Defendants had a duty to

---

[2] The County is only named as a Defendant based on the actions of its employees. *See Government Code,* § 815.2(a). As such, if the employees are not negligent, then the claim against Defendant County of San Bernardino fails as well.

8
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

protect third parties from the CHP officers' use of force. *Lopez v. City of San Diego*, 190 Cal. App. 3d 678, 681 (1987) ("where the gravamen of the complaint is a police failure to act reasonably in protecting members of the public from harm caused by a third person (i.e., non-feasance), a series of recent Supreme Court cases make clear that liability of the governmental entity is **_narrowly_** circumscribed.")(emphasis added). Plaintiffs instead cite to general negligence case law to assert that broadly "'all persons are required to use ordinary care to prevent others from being injured as the result of **_their_** conduct.'" Opp. 22:3-9 citing *Bastian v. Cnty. of San Luis Obispo*, 199 Cal. App. 3d 520, 530 (Ct. App. 1988).

However, the current state of the law is that "'one has no duty to come to the aid of another. A person who has not created a peril is not liable in tort merely for failing to take affirmative action to assist or protect another **_unless_** there is some relationship between them which gives rise to a duty to act.'" *Zelig v. Cnty. of Los Angeles*, 27 Cal.4th 1112, 1129 (2002) quoting *Williams v. State of California*, 34 Cal.3d 18, 23 (1983); *Lopez v. City of San Diego,* 190 Cal. App. 3d 678, 681 (1987) ("Generally, there is no legal duty and hence no liability for negligence, unless there is a special relationship between the police and either the victim or the third person which gives rise to a responsibility to control the third person's conduct.").

Here, Plaintiffs do not argue and therefore implicitly concede, as they must, that **_no_** special relationship existed between the County Defendants and the Bottens. (Opp. 26:10-17 – arguing that a special relationship is not required to impose a duty). "Such a relationship exists when law enforcement officer's promise or conduct induces detrimental reliance by the plaintiff." *See, Bastian v. County of San Luis Obispo,* 199 Cal. App. 3d 520, 529 (1988) citing *Williams v State of California,* 34 Cal. 3d 18, 23 (1983). Once again, there is no dispute that County Defendants **_never_** made contact with the Bottens or commanded them to take any action. (UMF 58-59- Undisupted); *Lopez v. City of San Diego,* 190 Cal. App. 3d 678, 681 (1987) (special

9
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

relationship has been found in cases where "the representations or conduct by the police which cause the victim(s) to detrimentally rely on the police such that the risk of harm as the result of police negligence is something more than that to which the victim was already exposed.").

Instead, relying solely on *Bastian,* Plaintiffs boldly claim that even absent a special relationship, a duty to warn should be imposed upon the County Defendants as to the Bottens, for the actions of the CHP. Plaintiffs cite *Bastian* for the proposition that "when a law enforcement officer creates a peril which cause a person's injury, the officer has a duty to warn of the peril, and that duty does not depend on the existence of a "special relationship." *Bastian,* 199 Cal. App. 3d at 524. However, this general legal principle in *Bastian* simply has no application here.

In *Bastian*, an officer placed a vodka bottle next to the body of an accident victim and then watched as a journalist photograph the scene. The journalist later lost his job for allegedly staging the scene. In other words, the officer that placed the bottle in the picture was held to have a duty to the journalist because he created the peril by personally placing the bottle next to the body, but did not warn the journalist. Applying the logic of *Bastian*, it would mean at best that Defendants Vaccari and Adams would have to warn the Bottens of dangers they posed when they engaged Puga. However, Plaintiffs are improperly extending this limited fact specific holding in *Bastian* to assert that there was instead a much broader duty to warn the Bottens of the potential peril posed by the CHP officers. Again, there is no case authority to support that County Defendants had some general duty to warn the Bottens of the potential peril caused by others.

**B. Rowland Factors are Not Met to Impose a Duty**

As with other aspects of the County Defendants moving papers Plaintiffs' wholly omit any discussion of the Rowland factors in their opposition, despite their clear importance to the analysis of duty. As explained by the court, in determining

10
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

whether to impose a duty as a matter of law, ". . . a court might conclude that duty should not be imposed because, for example, the type of harm the plaintiff suffered was unforeseeable, or because there was no moral blameworthiness associated with the defendant's conduct, notwithstanding the defendant's special relationship to the plaintiff.  Put differently, even when a special relationship gives rise to an affirmative duty to protect, a court must still consider whether the policy considerations set out in *Rowland* warrant a departure from that duty in the relevant category of cases." *Brown v. USA Taekwondo,* 11 Cal. 5th 204, 222 (2021).

   Plaintiffs lumping together the actions of the CHP Defendants and the County Defendants address only whether the Botten's injuries were foreseeable, ignoring the remainder of the Rowland factors.  As set forth in Defendants' moving papers, the foreseeability test is not met here, nor do the remainder of the factors not addressed by Plaintiffs support an imposition of duty here.

   As to foreseeability, Plaintiffs have offered nothing to dispute that the County Defendants had a reasonable expectation that the CHP Defendants would not shoot without clearing their background, something they concede all law enforcement officers are trained to do.  Plaintiffs likewise concur the Court's foreseeability analysis must consider "whether the *category* of negligent conduct at issue is sufficiently likely to result in the *kind* of harm experienced that liability may appropriately be imposed on the negligent party.'" *Staats v. Vintner's Golf Club, LLC*, 25 Cal. App. 5th 826, 837 (2018) (emphasis in original); (Opp. 26:27-27:4 - *in accord*).  Here, the alleged negligent conduct Plaintiffs attribute to the County Defendants all pertain to harm posed by Puga.  For example, Plaintiffs contend that Defendants knew Puga was dangerous and barricaded in the neighborhood and that there can be harm to bystanders from a barricaded suspect.  (Opp. 27:15-22).  To mitigate this harm, the County Defendants should have, according to Plaintiffs, requested back up, set up a perimeter, and/or evacuated all uninvolved individuals.  (Opp. pgs. 26-27).  However,

all of these acts that Plaintiffs contend were "negligently" not performed by County Defendants are aimed at protecting the public from the armed dangerous suspect – Hector Puga.

However, the Bottens were not injured by Puga. The County Defendants have put forth evidence that CHP Sergeant Kee was the likely source of the Botten's injuries (UMF 107). This was disputed by Plaintiffs only to the extent that they seem to believe CHP Defendant Rubalcava may have also injured them (Opp. 29:11-14 – "Kee and Rubalcava were the only officers who shot in the direction of the Botten Residence"), regardless, it was not Sergeant Vaccari, Deputy Adams, or Puga. In short, the category of "negligent" conduct alleged as to Defendants Vaccari and Adams were designed to prevent the "kind" of harm that would be posed by Puga, not other law enforcement officers. Again, the kind of harm here was not foreseeable under the circumstances presented. *See Golick v. State of California* 82 App. 5th 1127, 1148 (2022) ("'In volatile situations, one can always argue that the arrival of police officers caused incremental increase in tension at the scene, and thus increased the risk of injury occurring, and whenever tragedy ensues one can argue that a different police response would have produced a better outcome. But this sort of speculative, after-action critique falls short" in subjecting an officer to tort liability for negligence).

Plaintiffs only cited cases of *Green v. City of Livermore,* 117 Cal. App. 3d 82 (1981) and *Rose v. Cnty of Plumas*[3], 152 Cal. App. 3d 999, 1006 (1984) are distinguishable and do not support the imposition of a duty here. In *Greene,* the Court found the City could be held liable for the negligent conduct of its officers during a DUI investigation when officers failed to remove the keys from the vehicle. *Greene,* 117 Cal. App. at 88 ("a public entity may be liable for the nonfeasance of its

---

[3] It should also be noted that both *Greene and Rose* were challenges on a Demurrer as to whether Plaintiff had sufficiently stated a claim, not whether there was a duty based on undisputed evidence at summary judgment.

employees."). Unlike in *Greene,* Plaintiffs are seeking to hold the County responsible, not for the acts of its own employees, but for the alleged acts of the CHP officers in shooting toward the Botten residence.

In *Rose,* the court made clear that "the primary issue on appeal is whether police officers have an affirmative duty to render emergency aid to an injured person found at the scene of an investigation." 152 Cal. App. 3d at 1003-1004 (1984).[4] There are no arguments here that County Defendants failed to provide medical care once the Bottens were injured and therefore the entire analysis in *Rose* is inapplicable.

Further, Plaintiffs' limited analysis as to alleged tactical errors by the County Defendants does not address any of the other *Rowland* factors that are to be analyzed before imposing duty as a matter of law. Consistently, courts have used the following factors to determine foreseeability of harm to the plaintiff: the degree of certainty that the plaintiff suffered injury, the closeness of the connection between defendant's acts and the harm suffered by plaintiff, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant, and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. *Rowland v. Christian*, 69 Cal.2d 108, 112-113 (1968); *Bastian v. Cnty. of San Joaquin*, 199 Cal.App.3d 520, 530 (1988). No factor other than foreseeability was discussed by Plaintiffs.

As previously stated, it was wholly unforeseeable to the County deputies that CHP would have abandoned their training on clearing background before shooting.

---

[4] The *Rose* court concluded that "the essence of plaintiff's argument is simply that once the police undertake an investigation, and during the course of that investigation they discover a person wholly 'dependent upon them for emergency aid, they are under a duty to render aid. We disagree." *Id* at 1004. Nevertheless, the Court of Appeals reversed the grant of the demurrer only because it believed leave to amend should have been granted.

13
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

Even further, Plaintiffs' opposition does not state a single policy consideration that would be furthered by imposing a duty on the County Defendants here. This omission is likely because, as already set forth in Defendants moving papers, policy considerations dictate against Plaintiffs' position. Plaintiffs have offered no evidence to support that the Bottens, or anybody else would have been safer, if resources were employed to remove them from their home when Puga was in the vehicle potentially armed or that there should always be a duty to evacuate when a suspect is barricaded, regardless of the circumstances. Arguably everyone would have been in greater harm if Puga decided to start shooting mid-evacuation, as opposed to remaining inside their homes away from the scene.

Nor are the interests of justice served here by holding the County and its taxpayers accountable for the actions of a separate and independent law enforcement agency. Indeed, there is a policy consideration to not extend liability to the County deputies – Plaintiffs can be made whole if they prove their claims as to the CHP Defendants without the need to extend liability to the County.

There is certainly no moral blame to be assigned to County Defendants who did not injure the Bottens, but were making the best tactical decisions they could when dealing with an armed and dangerous Puga. Likewise, there is no closeness in connection between tactical decisions made by the County Defendants over the course of an hour, and the actual shooting injuries sustained by the Bottens. Again, it would be rank speculation to state that a shooting would not have occurred or that the Bottens would not had been injured if different approaches were taken as to Puga.

The totality of the Rowland factors clearly counsels against imposing a duty as to the County Defendants here.

**C. County Defendants were Not the Proximate Cause of the Botten's Injuries**

Under settled case law when multiple officers fire shots, only those officers that

*directly* caused the injury are responsible under a negligence theory. *See, Lopez v. City of Los Angeles,* 196 Cal.App.4th 675, 682, 688 (2011) ("It as undisputed that Gallegos, Perez, or Sanchez fired the fatal shot. Therefore appellant cannot establish liability for negligence or wrongful death based on O'Sullivan's shot) citing *Munoz v. City of Union City*, 120 Cal. App 4th, 1077, 1093 (2004) (negligence cause of action requires evidence that breach was proximate or legal cause of resulting injury). The undisputed facts confirm the shots fired by Deputy Adams did not and could not have caused the Botten injuries nor can it be said that any tactical decisions by the County Defendants were a substantial factor in bringing the harm to the Bottens, without resort to speculation.

## V. COUNTY DEFENDANTS ARE ENTITLED TO STATUTORY IMMUNITY

Cal. Gov. Code § 820.2 provides a public employee is immune for acts or omissions that were the result of the discretion vested in him/her. Plaintiffs merely cite to case law that deputies are not immune for their decision to arrest, without more. However, this fails to account for Plaintiffs' arguments here which all pertain to whether the neighborhood should have been evacuated and other such decisions that may have in hindsight moved the Botten's away from their home. Plaintiffs have offered nothing to support that such decisions were not discretionary and cloaked with immunity under § 820.2, and by extension if the individual Defendants are immune, so too is the County of San Bernardino. Cal. Gov. Code § 815.2(b).

## VI. PLAINTIFFS DID NOT SUBSTANTIALLY COMPLY WITH THE TORT CLAIMS ACT

Plaintiffs again, concede as they must, they "did not specifically allege negligent pre-shooting tactics" in any way, shape or form in their tort claim. (Opp. p. 32:26-28). Instead, they argue this was not required because their negligent tactic theory is subsumed within the same negligence cause of action that they utilize for the

shooting.  Such an argument misses the point. If a plaintiff "relies on more than one theory of recovery against the [governmental entity], each cause of action must have been reflected in a timely claim.  In addition, the *__factual circumstances__* set forth in the written claim must correspond with the facts alleged in the complaint." *Dixon v. City of Livermore*, 127 Cal.App.4th 32, 40 (2005)(emphasis added); *Ortiz v. Lopez,* 688 F. Supp. 2d 1072, 1085 (E.D. Cal. 2010) (finding tort claim for intentional acts did not put City on notice to investigate a claim of negligent hiring/negligent supervision of its employees); *Fall River Joint Unified School Dist. v. Superior Court,* 206 Cal.App.3d 431, 435 (1988) (barring a cause of action that "patently attempts to premise liability on an entirely different factual basis than what was set forth in the tort claim.").

     Plaintiff's factual circumstances as presented in the Tort Claim were admittedly limited to the theory that bullets fired in the course of the pursuit and apprehension of Puga *__struck__* claimants.  At no time did the Botten Plaintiffs put the County on notice that their cause of action as to the County Defendants would instead be premised on every single tactical decision made over the course of an hour prior to the shooting, as opposed to the shooting itself.

     "The claim filing requirement of the Government Claims Act serves several purposes: (1) to provide the public entity with *__sufficient information__* to allow it to make a *__thorough investigation__* of the matter; (2) to facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) to avoid *__similar liability__* in the future." *Page v. MiraCosta Community College Dist.*, 180 Cal.App.4th 471, 493 (2009) (quoting *Westcon Construction Corp. v. Cnty. of Sacramento*, 152 Cal.App.4th 183, 202 (2007))(emphasis added).

     Plaintiffs' Tort Claims do not comport with these articulated principles.  Based on the Tort Claims presented here, Defendants were put on notice only to investigate the actual shooting.  When doing so the obvious would have been discovered –

Sergeant Vaccari did not fire any bullets and Deputy Adams was shooting in the opposite direction. As such, the only conclusion to be reached was that none of the bullets fired by County Defendants could have caused the injuries claimed by the Botten's through their tort claim. Based on this information there would have been no need to settle with the Bottens for injuries caused by the bullets of others or to plan for avoiding similar liability in the future. Plaintiffs never put the County Defendants on notice through their submitted claims that what the County Defendants actually should have been investigating is whether the County Defendants utilized poor tactics at any point when they were dealing with Puga in the hour ***before*** the shooting, even where those tactics did not cause immediate harm to the Bottens. The test of substantial compliance is simply not met here.

## VII. PLAINTIFFS' NEGLIGENT TACTICS THEORIES ARE PURELY SPECULATIVE

As set forth in Defendants' moving papers, there is simply no evidence that any tactics by the County Defendants were outside of the realm of reason given the actions of Puga. *Brown v. Ransweiler,* 171 Cal. App. 4th 516, 537-538 (2009) ("As long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in successful apprehension of a violent suspect, in order to avoid liability for negligence").

Applied here Plaintiffs merely list several "potential" actions Defendants could have taken that ***may*** have led to a different result with Puga, which ***may*** have prevented the injury to the Plaintiffs. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Community College,* 83 F.3d 1075, 1081–82 (9th Cir.1996); *Golick,* 82 App. 5th at 1148 ("'In volatile situations, one can always argue that the arrival of police officers caused

17
**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

incremental increase in tension at the scene, and thus increased the risk of injury occurring, and whenever tragedy ensues one can argue that a different police response would have produced a better outcome.  But this sort of speculative, after-action critique falls short" in subjecting an officer to tort liability for negligence").

As has been stated numerous times, County Defendants did not cause the injuries to the Plaintiffs; no matter what speculative list of actions Plaintiffs put forward as to how the County Defendants could have done better when dealing with Puga.  For example, it is purely speculative to assume that SWAT being called would have changed the situation.  It is unknown whether SWAT would have responded, arrived in time, or whether they would have done anything differently.  The same can be said of the host of other theories Plaintiffs present as to different actions the County Defendants could have taken.

## VIII. CONCLUSION

For the aforementioned reasons and the reasons stated in County Defendants' moving papers, County Defendants respectfully request their Motion be granted and Plaintiffs' First Amended Complaint be dismissed.

DATED:  March 6, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By:  /s/ Shannon L. Gustafson
Shannon L. Gustafson
Amy R. Margolies
Anita K. Clarke
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for County Defendants certifies that this brief contains 4,413 words, which:

☐ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED:  March 6, 2025 

**LYNBERG & WATKINS**
A Professional Corporation

By: _/s/ Shannon L. Gustafson_
Shannon L. Gustafson
Amy R. Margolies
Anita K. Clarke
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**