Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Anita K. Clarke (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO. 5:23-cv-00257-KK-(SHKx) <br><br> *Assigned for All Purposes to:* <br> *Hon. Kenly Kiya Kato– Courtroom #3* <br><br> **COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUBMITTED DECLARATION OF ROGER CLARK IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION** <br><br> *[Concurrently Filed with County Defendants' Reply in Support of Motion for Summary Judgment]* <br><br> Date:  March 20, 2025 <br> Time:  9:30 a.m. <br> Courtroom:  3 <br><br> *Trial:  July 28, 2025* <br><br> Complaint filed:  02/16/23 <br> FAC filed:  06/08/23 |

1

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUBMITTED DECLARATION OF ROGER CLARK IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

# DEFENDANTS' OBJECTIONS TO PLAINTIFF'S LAUNDRY LIST OF ADDITIONAL MATERIAL FACTS

**Material Objected to:** Plaintiffs' Additional Undisputed Material Facts 132-352

**Grounds for Objection:**

Irrelevant FRE 402

Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")

It is undisputed by Plaintiffs that Adams and Vaccari did not cause the injuries to the Botten Plaintiffs, thus these facts are irrelevant. (County UMF 54, 57, 90, 91-94, 102-103, 109).

# DEFENDANTS' OBJECTIONS TO DECLARATION OF ROGER CLARK

**Material Objected to:** Declaration of Roger Clark ¶11 and 20

**Grounds for Objection:**

Hearsay FRE 801 - *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment).

Improper Expert Opinion FRE 702- as to testimony of Roger A. Clark's speculative statements that any tactic caused or contributed to the Botten injuries as set forth in

these paragraphs. *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original); *Monroe v. Griffin*, 2015 WL 5258115, at *6–7 (N.D. Cal. 2015) (preventing Roger Clark from testifying on ultimate legal issues); *see also, Valtierra v. City of Los Angeles*, 99 F.Supp.3d 1190, 1198 (C.D. Cal. 2015) (preventing Roger Clark from testifying to ultimate issues").

Irrelevant FRE 402 and Immaterial as it is undisputed by Plaintiffs that Adams and Vaccari did not cause the injuries to the Botten Plaintiffs, thus these conclusory statements are irrelevant. (County UMF 54, 57, 90, 91-94, 102-103, 109) - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")

**Material Objected to:** Declaration of Roger Clark ¶12-19

Improper Expert Opinion FRE 702- as to testimony of Roger A. Clark's speculative statements that any tactic caused or contributed to the shooting of Puga and/or the Botten injuries as set forth in these paragraphs. *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the

existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original); *Monroe v. Griffin*, 2015 WL 5258115, at *6–7 (N.D. Cal. 2015) (preventing Roger Clark from testifying on ultimate legal issues); *see also, Valtierra v. City of Los Angeles*, 99 F.Supp.3d 1190, 1198 (C.D. Cal. 2015) (preventing Roger Clark from testifying to ultimate issues").

Irrelevant FRE 402 and Immaterial as it is undisputed by Plaintiffs that Adams and Vaccari did not cause the injuries to the Botten Plaintiffs, thus these conclusory statements on training and tactics are immaterial and irrelevant. (County UMF 54, 57, 90, 91-94, 102-103, 109) - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")

DATED: March 5, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Shannon L. Gustafson*
Shannon L. Gustafson
Amy R. Margolies
Anita K. Clarke
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS

4
COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUBMITTED DECLARATION OF ROGER CLARK IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION