**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
JONATHAN WAYNE BOTTEN, SR.,
TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN,
AND J.B.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00257-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **STIPULATION FOR DISMISSAL WITH PREJUDICE OF PLAINTIFFS' FOURTH AMENDMENT CLAIM** |

**TO THE HONORABLE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Under Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, Annabelle Botten, and J.B., a minor by and through his guardian *ad litem* Jonathan Wayne Botten, Sr. ("Plaintiffs") and Defendants Isaiah Kee and Bernardo Rubalcava ("Defendants") (collectively, "the Parties"), hereby stipulate and request as follows:

1. Plaintiffs filed this action on February 16, 2023, against Defendants State of California, California High Patrol Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava, (together "State Defendants"), County of San Bernardino and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams (together "County Defendants") (collectively "Defendants"), alleging federal claims under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and state law claims of battery, negligence, negligent infliction of emotional distress, and violation of the Bane Act.

2. On August 21, 2023, the Court dismissed all claims against the State of California when it granted the State Defendants' motion to dismiss. (Dkt. No. 47.)

3. Plaintiffs and the County Defendants reached a settlement and filed a stipulation for dismissal of the County Defendants on July 9, 2025. (Dkt. No. 126.)

4. On January 30, 2025, State Defendants filed a Motion for Summary Judgment ("State Defendants' MSJ") on all claims asserted in Plaintiffs' operative First Amended Complaint (FAC). (*See* Dkt. Nos. 86, 87).

5. On February 25, 2025, the Court dismissed Plaintiffs' Fourth Amendment, Fourteenth Amendment substantive due process, battery, and Bane Act claims (Causes of Action One, Two, Three, and Six of the FAC) as to Defendant Blackwood pursuant to the parties' stipulation. (Dkt. No. 94.)

6. On May 5, 2025, the Court issued an Order Granting in Part and Denying in Part State Defendants' Motion for Summary Judgment. (Dkt. No. 120).

Specifically, the Court denied summary judgment on Plaintiffs' Fourth Amendment, battery, negligence, negligent infliction of emotional distress, and Bane Act claim as to Defendants Kee and Rubalcava, finding disputed issues of triable fact that precluded summary judgment, and that viewing the facts in the light most favorable to Plaintiffs, Kee and Rubalcava were not entitled to qualified immunity on Plaintiff's Fourth Amendment claim. (*Id.*). The Court granted summary judgment on Plaintiffs' Fourteenth Amendment substantive due process claim and Plaintiffs' negligence and negligent infliction of emotional distress with respect to Defendant Blackwood. (*Id.*).

7. On June 4, 2025, Defendants Kee and Rubalcava filed a Notice of Appeal to the Ninth Circuit on the denial of qualified immunity on Plaintiffs' Fourth Amendment claim. (Dkt. No. 121) The interlocutory appeal from the denial of qualified immunity divested the district court of jurisdiction to proceed with trial. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

8. Plaintiffs and the remaining Defendants reached an agreement whereby the Plaintiffs dismiss, with prejudice, their Fourth Amendment claim in exchange for Defendants' dismissal of their interlocutory appeal without prejudice to reinstatement. To that end, counsel for the Defendants presented Plaintiffs' attorney with a proposed stipulation for dismissal of the interlocutory appeal on June 18, 2025. Plaintiffs' counsel approved and signed the stipulation to dismiss the appeal on July 9, 2025. The stipulation for dismissal of the interlocutory appeal is being filed in the Ninth Circuit on the same day the parties file this stipulation in this Court.

9. The parties further agree that, after dismissal of the Fourth Amendment claim, Defendants will not oppose Plaintiffs' request for this Court to exercise supplemental jurisdiction over the remaining state-law claims.

10. Accordingly, Plaintiffs and Defendants Kee and Rubalcava stipulate and request, and good cause appearing, that the Court dismiss Plaintiffs' Fourth Amendment claim with prejudice.

11. Each party shall bear their own costs and attorney fees incurred in litigating Plaintiffs' Fourth Amendment claim.

Respectfully Submitted,

DATED: July 9, 2025                LAW OFFICES OF DALE K. GALIPO

By _____/s/ Hang D. Le_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

DATED: July 9, 2025                ROB BONTA
Attorney General of California
NORMAND D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel\**

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants Kee and Rubalcava*

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.