**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
JONATHAN WAYNE BOTTEN, SR.,
TANJA DUDEK-BOTTEN, ANNABELLE BOTTEN,
AND J.B.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and J.B., a minor, by and through his guardian JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00257-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **PLAINTIFFS' REQUEST FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS** |

1  **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS**
2  **OF RECORD**:

3      Plaintiffs Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, Annabelle Botten,
4  and J.B., a minor by and through his guardian *ad litem* Jonathan Wayne Botten, Sr.
5  ("Plaintiffs") hereby submit this Request, by and through their counsel of record, for
6  the Court to exercise supplemental jurisdiction over Plaintiffs' state law claims for
7  battery, negligence, negligent infliction of emotional distress, and violation of
8  California Code Section 52.1 (Bane Act).

9      Plaintiffs filed this action on February 16, 2023, against Defendants State of
10 California[1], California High Patrol Officers Isaiah Kee, Michael Blackwood, and
11 Bernardo Rubalcava, (together "State Defendants"), County of San Bernardino and
12 County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams
13 (together "County Defendants") (collectively "Defendants"), alleging federal claims
14 of the Fourth Amendment and Fourteenth Amendment pursuant to 42 U.S.C. § 1983
15 and state law claims of battery, negligence, negligent infliction of emotional distress,
16 and violation of the Bane Act.

17     On January 30, 2025, State Defendants filed a Notice of Motion and Motion
18 for Summary Judgment ("State Defendants' MSJ") on all claims.[2] (*See* Dkt. Nos. 86,
19 87). On May 5, 2025, the Court issued an Order Granting in Part and Denying in Part
20 State Defendants' Motion for Summary Judgment. (Dkt. No. 120). Specifically, the
21 Court denied summary judgment on Plaintiffs' Fourth Amendment excessive force,

_____

23     [1] The State of California was dismissed as a defendant on August 21, 2023 (*See*
24 Dkt. No. 47).

25     [2] Prior to the filing of State Defendants' MSJ, Plaintiffs and State Defendants
26 reached an agreement to dismiss Defendant Blackwood from Plaintiffs' Fourth
   Amendment, Fourteenth Amendment, battery, and Bane Act claim. A stipulation
27 was filed subsequent to the filing of State Defendants' MSJ and the Court dismissed
   Defendant Blackwood from the aforementioned claims on February 25, 2025 (*see*
28 Dkt. No. 94).

PLAINTIFFS' REQUEST FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

battery, negligence, negligent infliction of emotional distress, and Bane Act claim as to Defendants Kee and Rubalcava, finding disputed issues of triable fact that precluded summary judgment, and that viewing the facts in the light most favorable to Plaintiffs, Kee and Rubalcava were not entitled to qualified immunity under Plaintiff's Fourth Amendment excessive force claim. (*See id.*). The Court granted summary judgment on Plaintiffs' Fourteenth Amendment substantive due process claim and Plaintiffs' negligence and negligent infliction of emotional distress with respect to Defendant Blackwood. (*See id.*).

On June 4, 2025, Defendants filed a Notice of Appeal to the Ninth Circuit (Dkt. No. 121) on the denial of qualified immunity under Plaintiffs' Fourth Amendment Excessive Force claim. ("State Defendants' Interlocutory Appeal). On July 9, 2025, County Defendants and Plaintiffs filed a stipulation to dismiss County Defendants from all claims. (Dkt. No. 126). Later that day, State Defendants and Plaintiffs filed a stipulation to dismiss Plaintiffs' Fourth Amendment claim (Dkt. No. 127) and a stipulation to dismiss State Defendants' Interlocutory Appeal.

With the dismissal of County Defendants and Plaintiffs' Fourth Amendment claim, the only claims that remain are state law claims of battery, negligence, negligent infliction of emotional distress, and violation of California Code Section 52.1 against Defendants Kee and Rubalcava. Plaintiffs request that the Court exercise its discretion to retain supplemental jurisdiction over the state law claim in order to avoid waste of judicial resources and further delay in bringing this case to trial.

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "Whether to dismiss or retain supplemental claims after dismissal of state law claims is 'fully discretionary' with the district court because it is the 'district judge who is in the best position to determine whether enough resources have been

expended to make dismissal a waste at any given point.'" *Golden Temple of Oregon, LLC v. Yogibotanicals Int'l Corp.*, No. CV 10-7736-VBF(FFMX), 2012 WL 13005962, at *1 (C.D. Cal. Feb. 22, 2012) (citing *Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991)). The district court may exercise discretion to retain supplemental jurisdiction over state law claims even where the plaintiff voluntarily dismisses the federal claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (noting plaintiff seeking dismissal of federal claims "does not divest the district court of its power to exercise supplemental jurisdiction").

Plaintiffs contend that the interests of convenience, fairness, and judicial economy weigh in favor of the Court exercising supplemental jurisdiction over Plaintiffs' state law claims. Courts have exercised discretion to retain supplemental jurisdiction over state law claims in cases where the case has been pending in federal court for an extended period of time, the court is familiar with the issues, a good deal of judicial resources has been invested in the matter, and retaining supplemental jurisdiction would avoid further duplicative proceedings in state court and delay. *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1089 n.4 (9th Cir. 2000) (disagreeing with the argument that the district court erred in exercising supplemental jurisdiction over the state law claims after disposing of all federal claims because the state law claims were based on the same factual allegations as the federal claims and the district court was fully familiar with the record); *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (concluding that the district court abused its discretion in declining to exercise supplemental jurisdiction over the state law claims after disposing all of the federal claims because the district court was "intimately familiar" with the claims and there were no difficult state-law issues in the remaining claims and thus, further proceedings in district court would prevent redundancy and conserve judicial resources); *Hernandez v. City of Los Angeles*, No. 219CV00441CASGJSX, 2021 WL 8820856, at *11–12 (C.D. Cal. Dec. 24, 2021) (exercising supplemental jurisdiction over the remaining state law claims in the

PLAINTIFFS' REQUEST FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW
CLAIMS

1 | interest of fairness and judicial economy after disposing of all federal claims); *Est. of*
2 | *Brooks by & through Brooks v. City of Springfield*, No. 6:22-CV-00399-MTK, 2024
3 | WL 5238277, at *6–7 (D. Or. Dec. 27, 2024) (finding "values of judicial economy,
4 | convenience, fairness and comity weigh strongly in favor of retaining [supplemental]
5 | jurisdiction" after the dismissal of federal claims because the case had been pending
6 | before the court for more than two and half years, the court was familiar with the
7 | facts and issues in this case, and the case did not raise any novel issues of state law).

8 |      This case has been pending before the Court for over two years. Additionally,
9 | the facts of this case arise from the same nucleus of facts as *L.C., et al. v. State of*
10 | *California, et al.*, case no. 5:22-cv-00949-KK-SHK, which this Court also presides
11 | over. The Court is familiar with the facts of both cases, having reviewed the evidence
12 | submitted by the parties and issued rulings on State Defendants' Motions for
13 | Summary Judgment in this case as well as *L.C., et al. v. State of California, et al.* The
14 | *L.C.* action proceeded to the pretrial stage, with the parties submitting all pretrial
15 | documents and motions in limine and the Court issuing its ruling on the parties'
16 | motions in limine. There will substantial overlap in this case's evidence and pretrial
17 | issues with the evidence and pretrial issues in *L.C.* such that some of the pretrial work
18 | done in *L.C.* can be transferred over to pretrial work in this case. Additionally, this
19 | case does not raise any novel state law issues. Accordingly, in the interest of fairness,
20 | convenience, and judicial economy, and given that Defendants have indicated that
21 | they are not opposed to the Court retaining supplemental jurisdiction over the state
22 | law claims, Plaintiffs request that the Court exercise supplemental jurisdiction over
23 | Plaintiffs' remaining state law claims. Plaintiffs further request that the Court issue
24 | an order directing the parties to propose new pretrial conference dates and trial dates
25 | or set a status conference so that the parties can confer with the Court on a new final
26 | pretrial conference date and trial date.
27 | //
28 | //

1   Respectfully Submitted,

2

3   DATED: July 10, 2025                    LAW OFFICES OF DALE K. GALIPO

4

5                                           By _____ */s/ Hang D. Le*_____

6                                              Dale K. Galipo
                                               Hang D. Le
7                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REQUEST FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS