J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-257-KK-SHKx** | Date: | July 15, 2025 |
|---|---|---|---|

| Title: | *Jonathan Wayne Botten Sr. et al. v. State of California et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order GRANTING the Stipulation to Dismiss County Defendants [Dkt. 126]; GRANTING the Stipulation to Dismiss Plaintiffs' Fourth Amendment Claim against defendants Isaiah Kee and Bernardo Rubalcava [Dkt. 127]; and DENYING Plaintiff's Request for the Court to Exercise Jurisdiction [Dkt. 128] and DISMISSING WITHOUT PREJUDICE for Lack of Subject Matter Jurisdiction**

## I.
## BACKGROUND

On June 8, 2023 plaintiffs Jonathan Wayne Botten, Tanja Dudek Botten, Annabelle Botten, and J.B., a minor by and through his guardian Jonathan Wayne Botten, Sr., (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC") in this Court against defendants Robert Vaccari ("Vaccari"), Jake Adams ("Adams"), and the County of San Bernardino (collectively, "County Defendants") and Michael Blackwood ("Blackwood"), Isaiah Kee ("Kee"), Bernardo Rubalcava ("Rubalcava"), and the State of California (collectively, "State Defendants"), alleging constitutional and related state claims arising from a police-involved shooting outside their residence on the February 17, 2021. ECF Docket No. ("Dkt.") 27, FAC.

With respect to County Defendants, on April 30, 2025, Plaintiffs filed a status report indicating "the San Bernardino County Board of Supervisors has approved the settlement" between Plaintiffs and County Defendants. Dkt. 119.

With respect to State Defendants, on May 5, 2025, the Court denied in part State Defendants' Motion for Summary Judgment, allowing Plaintiffs' Fourth Amendment Excessive Force and related state claims to proceed to trial against defendants Kee and Rubalcava, the only

remaining State Defendants.  Dkt. 120.  On June 4, 2025, defendants Kee and Rubalcava filed a
Notice of Appeal to the Ninth Circuit Court of Appeals.  Dkt. 121.

On July 9, 2025, County Defendants filed a Joint Stipulation for Dismissal with Prejudice
pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), seeking to dismiss all remaining claims
against County Defendants.  Dkt. 126.

On July 9, 2025, Plaintiffs and defendants Kee and Rubalcava filed a Stipulation to Dismiss
Plaintiffs' Fourth Amendment Excessive Force Claim "in exchange for Defendants' dismissal of
their interlocutory appeal without prejudice to reinstatement."  Dkt. 127.

On July 10, 2025, Plaintiffs filed a Request for the Court to Exercise Supplemental
Jurisdiction over Plaintiffs' State Law Claims against defendants Kee and Rubalcava.  Dkt. 128.

## II.
## THE PARTIES' STIPULATIONS ARE GRANTED

Having considered the parties' stipulations and finding good cause, the Court (1) **GRANTS**
Plaintiffs' and County Defendants' Joint Stipulation for Dismissal of County Defendants with
Prejudice, and (2) **GRANTS** Plaintiffs and defendants Kee and Rubalcava's Joint Stipulation to
Dismiss Plaintiffs' Fourth Amendment Excessive Force Claim.  Dkts. 126, 127.  Thus, the only
remaining claims in the FAC are Plaintiffs' state law claims against defendants Kee and Rubalcava.
As discussed below, the Court does not have jurisdiction over these remaining claims.

## III.
## THE COURT DOES NOT HAVE JURISDICTION OVER THE REMAINING STATE
## LAW CLAIMS AGAINST DEFENDANTS KEE AND RUBALCAVA

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized
by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377
(1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter
jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"
Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  Under 28 U.S.C. § 1331, district courts have
original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the
United States."  28 U.S.C. § 1331.  Generally, a case "arises under federal law" for purposes of
establishing federal question jurisdiction under 28 U.S.C. § 1331 "when federal law creates the cause
of action asserted."  Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022).

In a unanimous decision, the Supreme Court recently held district courts are deprived of
supplemental jurisdiction under 28 U.S.C. § 1367 and must remand to state court when a complaint
is amended to remove all federal questions.  Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22,
35-39 (2025).  The Supreme Court, likewise, stated that when a plaintiff originally "files a suit in
federal court based on federal claims and later scraps those claims, the federal court cannot go
forward with a now all-state-claim suit."  Royal Canin, 604 U.S. at 36 (citing Rockwell Int'l Corp. v.
United States, 549 U.S. 457, 473-74 (2007)); id. at 32 (noting that "[n]othing in [28 U.S.C.] § 1367's
text . . . distinguishes between cases removed to federal court and cases originally filed there").
Hence, when a case originally filed in federal court is amended to remove all federal questions,

district courts must dismiss the pendant state claims for lack of subject matter jurisdiction.  See, e.g., Baldwin for & on behalf of K.B. v. Kalispell Sch. Dist. #5, 763 F. Supp. 3d 1174, 1176 (D. Mont. 2025) (dismissing a case originally filed in federal court after the plaintiff voluntarily dismissed her only federal claim).

Here, Plaintiffs have agreed to eliminate all federal causes of action, leaving only state causes of action against defendants Kee and Rubalcava.  Accordingly, the Court's "power to decide [this] dispute [is] dissolve[d]," and dismissal is appropriate.[1]  Royal Canin, 604 U.S. at 30; 28 U.S.C. § 1367. Accordingly, Plaintiffs' Request for the Court to Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims is **DENIED**, dkt. 128, and the matter is **DISMISSED without prejudice**.

## IV.
## CONCLUSION

For the reasons set forth above, Plaintiffs' and County Defendants' Joint Stipulation for Dismissal of County Defendants with Prejudice is **GRANTED**, dkt. 126, and Plaintiffs' and defendants Kee and Rubalcava's Joint Stipulation to Dismiss Plaintiffs' Fourth Amendment Excessive Force Claim is **GRANTED**, dkt. 127.  Hence, because the Court lacks jurisdiction over the remaining state claims, Plaintiffs' Request for the Court to Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims is **DENIED**, dkt. 128, and the remaining state claims are **DISMISSED without prejudice**.  The Clerk of Court shall close this case and send a certified copy of this Order to the state court.

**IT IS SO ORDERED**.  (JS-6)

---

[1] Moreover, even if this Court retained jurisdiction, the Court would decline to exercise supplemental jurisdiction over a matter that now has only state claims.  Santa Ana Police Officers Ass'n v. City of Santa Ana, No. SACV-15-1280-DOC-DFMx, 2018 WL 3013355, at *5 (C.D. Cal. June 14, 2018) ("[O]nly state law claims remain in this action, and those claims are better decided by a state court."); Fowzer v. Cnty. of San Bernardino, No. EDCV-17-1907-DMG-KKx, 2018 WL 5880777, at *8 (C.D. Cal. Oct. 25, 2018) ("Plaintiffs' remaining state-law claims are the types of claims state courts are best equipped to handle and will not suffer in any meaningful way by being refiled in state court.").